IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ASTANIEL JARVIS MANN, PIP HENG, | : |
| ELIJAH ADCOCK, RONNY N. ASKEW, | : |
| RICKIE LEE FOX, | : |
| JOSEPH DANIEL FINCHER, and | : |
| SHEDRICK D, ROSS, | : |
| | : |
| Plaintiffs, | : |
| | : |
| VS. | : |
| | : |
| Commissioner JAMES DONALD, | : |
| RICK JACOBS, SARAH DRAPER, | : |
| Dr. SHARON LEWIS, MD., Warden HART, | : |
| Deputy Warden MCLAUGHLIN, | : |
| ALBERT JONES, Captain MORRIS | : |
| Lt. MAINE, Officer POWELL,[1] | : |
| Officer JESSE HOWELL, | : |
| Officer T. BROWN, Officer YANCEY, | : |
| Officer CANNON, Officer SNAKE,[2] | : |
| Officer SMITH, Officer SHANE,[3] | : |
| Officer GRAINGER,[4] Officer RADCLIFF,[5] | : |
| Sgt. BOND, Officer PAGE, Officer DANIEL, | : |
| Officer BATES, and | : |
| Officers JOHN DOE No. 1 and 2, | : |
| | : |
| Defendants. | : |

CIVIL ACTION FILE
NO.  7:08-CV-5 (HL)

RECOMMENDATION

This is a section 1983 action brought by seven plaintiffs, all of whom are or were inmates

---

[1]This defendant's name is evidently POWERS and will be referred to as such herein.

[2]This defendant's name is evidently SCHNAKE and will be referred to as such herein.

[3]This defendant's name is evidently SAIN and will be referred to as such herein.

[4]This defendant was evidently no longer employed at Valdosta State Prison when this law suit  was filed, and his present whereabouts are not known.  He is the only defendant for whom the Georgia Attorney General's Office has not made an entry of appearance other than defendants JOHN DOE No. 1 and 2.

[5]This defendant's name is evidently RATLIFF and will be referred to as such herein.

at Valdosta State Prison.  They are represented in this action by Attorney McNeill Stokes of

Atlanta.  The Georgia State Attorney General's Office had made an entry of appearance on

behalf of all defendants other than those as explained in fn. 4 as all defendants are or were

employed by the Georgia Department of Corrections in various capacities when the varying

circumstances giving rise to this lawsuit allegedly arose.

Each of the plaintiffs allege that they were handcuffed or restrained and summarily beaten,

evidently upon their arrival at Valdosta State Prison by varying combinations of some of the

defendants alleged to be members of the C.E.R.T. team.  Two of the plaintiffs claim to have been

beaten on the same day, while the remaining five plaintiffs maintain their beatings occurred on

five separate dates.  Certain individuals have been named as defendants because plaintiffs have

also brought claims of supervisory liability in which knowledge, policy and custom are alleged.

### *Plaintiff Mann - Paragraphs 9 - 14 of the Complaint*

This plaintiff alleges that upon his arrival at Valdosta State Prison on January 18, 2007,

while in handcuffs and leg shackles, he was summarily beaten by defendants Powers, Howell,

Brown and a fourth defendant possibly Yancey or Cannon so badly that he defecated upon

himself and his clothing and that he had blood in his urine for a period of three to four days, in

addition to various cuts, bruises and contusions.  He maintains that he was denied medical

treatment and protective custody.  He further maintains that defendants Maine, Hart, and

Mclaughlin are liable to him as supervisors as they allegedly condoned and were deliberately

indifferent to the policy of summarily beating restrained inmates.

### *Plaintiff Heng - Paragraphs 15 - 20 of the Complaint*

It is alleged by this defendant that on May 29, 2007, the day of his arrival at the prison,

while in handcuffs he was summarily beaten by defendants Ratliff, Yancey, Cannon, Powers, Brown, Howell, and Smith.  He also seeks to hold defendants Main, Hart and McLaughlin liable under a supervisory liability theory. This plaintiff also maintains that after the beating was over he was dragged to the medical department where defendant Cannon instructed the nurse not to document his injuries in order to cover up the beating.  Plaintiff alleges that he was placed in isolation without any medical attention.

### Plaintiff Adcock - Paragraphs 21 - 25 of the Complaint

This plaintiff alleges that upon his arrival at Valdosta State Prison he was stripped naked, handcuffed and summarily beaten on April 6, 2006, by defendants Powers, Sain, Howell, Smith and Grainger (no service on this defendant, see fn. 4).  He likewise makes claims of supervisory liability against defendants Main, Hart and McLaughlin.  He further alleges that he was denied medical attention for his injuries.  Defendant Howell allegedly retaliated against him by telling him that if he told anyone of the beating or filed a grievance he would be beaten again.

### Plaintiffs Askew and Fox - Paragraphs 26 - 30 of the Complaint

It is somewhat unclear from reading the complaint but it appears that these plaintiffs might have been inmates at Lowndes State Prison but allege that they were driven to Valdosta State Prison and summarily beaten on March 12, 2007, as the result of a possible altercation between them.  While handcuffed they allege that they were beaten by defendants Powers, Howell, Brown, Yancey, Cannon and Schnake.  They maintain that they were denied medical attention for their injuries and maintain supervisory liability claims agains defendants Maine, Hart and McLaughlin.

### Plaintiff Fincher - Paragraphs 31 - 35 of the Complaint

3

As to this plaintiff it is alleged that during the second week of April 2007, Defendants Hart and Morris retaliated against him by threatening him with death if he continued to write letters to lawyers regarding his conditions of confinement and treatment at the prison.  At that point Defendant Morris allegedly began choking him and threw him against a wall.

It is further alleged that during the second week of May 2007, Defendants Brown, Howell, Powers, Smith, Yancy and Ratliff summarily beat him while he was handcuffed and shackled. Defendant Brown allegedly threw him head first into a metal locker box.  After the beating he was allegedly denied medical treatment for his injuries and placed into segregation.  This plaintiff also claims supervisory liability against Defendants Maine, Hart and McGlaughlin.

### Plaintiff Ross - Paragraphs 36 - 39 of the Complaint

Allegedly Defendant Page threatened this Plaintiff on August 11, 2007 and then wrote him up on a "bogus" disciplinary report.  Then on August 12, 3007, Defendant Bond allegedly jumped on Plaintiff for no reason causing a scuffle to ensue.  Other officers subdued this Plaintiff who was then handcuffed.  Defendant Daniel allegedly told Officer Davis (not listed as a defendant) to leave with the camera as they were going to teach Plaintiff a lesson.  At that point Defendants Bates and Daniel along with Defendants John Doe Number 1 and 2 (no entry of appearance has been made for either John Doe defendant) allegedly beat him with broomsticks. This Plaintiff evidently did receive medical attention including x-rays and sutures.  Although in paragraph 36 of the complaint it is alleged that Defendant Bond jumped on Plaintiff for no reason, it does not appear to be alleged that Defendant Bond was involved in the broomstick beating.  As with all other Plaintiffs the same claims of supervisory liability are made against the same three defendants.

*The Remaining Defendants - Donald, Jacobs, Draper, Lewis and Jones*

As with Defendants Maine, Hart and McLaughlin, Plaintiffs seek to hold these Defendants liable under a supervisory liability claim in which it is alleged that they knew about, actually condoned and were deliberately indifferent to the known policy of the C.E.R.T. defendants summarily beating restrained inmates with absolutely no need or justification therefore.  In addition, with respect to Defendants Lewis and Jones it is also alleged that they were deliberately indifferent to the need for medical attention resulting from the beatings and therefore condoned them.

*The Defendants' Motion to Dismiss the Complaint*

A Motion to Dismiss the Complaint on several grounds has been filed by all named defendants with the exception of Defendants Grainger, And John Does 1 and 2 as no entry of appearance has been made for them.  Initially Defendants raise a general failure to state a claim argument.

 The Defendant's  motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiffs can prove no set of facts in support of [their] claim[s] that would entitle [them] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

Here, each of the individual Plaintiff's allege that they were handcuffed and in some cases also placed into leg shackles and summarily beaten with absolutely no justification therefore and then denied needed medical attention, all in violation of the Eighth Amendment's cruel and unusual punishment clause.  At this point in these proceedings the undersigned simply can not

find beyond doubt that the plaintiffs can prove no set of facts in support of their respective

claims that would entitle them to relief.  Thus, to the extent that Defendants' initial argument is

in fact that the Plaintiffs have failed to state a claim upon which relief can be granted it is the

RECOMMENDATION of the undersigned that the Motion to Dismiss the complaint on this

ground be DENIED.  It may well be that adverse findings are made as to some or all of the

Plaintiffs upon a Motion for Summary Judgment but that is not before the court at this point.

### Failure to Exhaust Administrative Remedies

In 1996, the Prison Litigation Reform Act ("PLRA") became effective.  Section 1997e(a)

of that act provides that:

> No action shall be brought with respect to prison conditions under
> Section 1979 of the revised statutes of the United States, 42 U.S.C. §
> 1983, or any other federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative
> remedies as are available are exhausted.

There is no doubt but that a prisoner must fully exhaust all of his available administrative

remedies as required by the PLRA **before** seeking relief in Federal court (emphasis added). *See* .

Woodford v. Ngo, 126 S. Ct. 2378 (2006); Porter v. Nussle, 122 S. Ct. 983 (2002); Booth v.

Churner, 121 S. Ct. 1819 (2001); Bryant v. Rich, 530 F.3d 1368 (11th Cir 2008);  Higginbottom

v. Carter, 223 F.3d 1259 (11th Cir. 2000) Harper v. Jenkin, 179 F. 3d 1311 (11th Cir. 1999);

Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Alexander v. Hawk, 159 F.3d 1321 (11th Cir

1998).   This list of Federal cases clearly requiring exhaustion is by no means complete.

The Defendants argue that of the seven individual Plaintiffs, five of them have failed to

exhaust their administrative remedies as required by the PLRA prior to bringing this action.  If

they are proven to be correct in their assertions there is no question but that dismissal is required.

The Defendants acknowledge that Plaintiff Heng did in fact exhaust his administrative remedies. They further acknowledge that Plaintiff Askew was no longer incarcerated at the time this action was brought and therefore can not be held to the requirement of exhaustion.

In their brief in support of the Motion to Dismiss, filed on March 10, 2008, Defendants urge the court to follow the approach used by the Ninth Circuit in the case of Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) in addressing the exhaustion of administrative remedies question. In Wyatt the court determined that a motion to dismiss for lack of exhaustion was in essence an nonenumerated Rule 12(b) motion.  The court concluded that while not jurisdictional, a motion to dismiss for failure to exhaust was properly considered to be a matter in abatement subject to an unenumerated Rule 12(b) ground rather than a motion for summary judgment.  Dismissal under this theory is not a dismissal on the merits and is without prejudice whereas summary judgment is on the merits and with prejudice.  Under this approach the court may consider matters outside the pleadings relating only to exhaustion so long as both sides are given the opportunity to develop the record and there is no conversion to a Rule 56 motion.  Defendants, in reliance on this approach, have attached to their brief the affidavit of a Department of Corrections employee with knowledge pertaining to exhaustion or the lack thereof by the Plaintiffs.  At the time of the filing of their brief the Defendants acknowledged that the Eleventh Circuit had not decided this issue.

Not surprisingly, Plaintiffs oppose such an approach and take the position that the issue of exhaustion which was clearly determined to be an affirmative defense in Jones v. Bock, 127 S. Ct. 910 (2007) should therefore be decided by a jury or on summary judgment.  In their brief, filed on April 24, 2008, Plaintiffs point out that the exhaustion - matter in abatement issue is

presently pending before the Eleventh Circuit and urge this court to at least wait for the Circuit's ruling before addressing exhaustion.

On June 20, 2008, the opinion in Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008) was announced.  Among other things, that opinion held, "[w]here exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Thus, the Eleventh Circuit approved the procedure used in the Southern District of Georgia as set out by the Wyatt court treating motions to dismiss for failure to exhaust as matters in abatement and allowing the lower court to consider matters outside the pleadings in resolving the exhaustion question so long as it does not result in a decision on the merits and the parties have an opportunity to develop the record.  This then, contrary to the position urged by the Plaintiff's, is the law of this Circuit until changed by a future ruling from the Circuit Court or the United States Supreme Court.

It is not without significance that Plaintiffs' counsel in this matter was also Plaintiff's counsel in Bryant.  The Bryant decision was actually a consolidation of two cases arising in the Southern District of Georgia raising the same question on appeal.  The other plaintiff, Priester, was also represented by the same attorney.  In fact the underlying facts in both the Bryant and Priester cases are more than likely very similar to the underlying facts here, alleged unjustified summary beatings by guards.

Insofar as Plaintiffs' opportunity to develop the record is concerned it is noted that Plaintiffs' counsel filed certain documents pertaining to grievances and his clients' version of the

facts which are attached to his brief in response to the Defendants' motion (docs 21-2 thru 21-5). He filed nothing to further develop the record as to exhaustion subsequent to the Bryant decision which was published approximately eight months ago.

### a. The Georgia Department of Corrections Grievance Procedure

Although the court is quite familiar with the three step grievance procedure used by the Georgia Department of Corrections in its prisons, the following is taken from the sworn affidavit of Shevondah Fields, Unit Manager of the Office of Inmate Affairs for the Georgia Department of Corrections (¶ 4), which is filed in this record at document 18-3.

Each inmate has the grievance procedure explained upon intake into the system. Instructions on the procedure are also contained in the Orientation Handbook for Offenders and the Standard Operating Procedure for the grievance process may be reviewed in the prison library (¶ 7). The first step is the filing of an informal grievance which must occur within ten (10) calendar days from the date the inmate knew, or should have known of the event to be grieved (¶ 8). These forms are available in the control rooms of all living units. If an inmate is in isolation or segregation the form may be obtained from their counselor to whom they have access on a regular basis or the duty officer who is seen on a daily basis (¶ 9). Responses to the informal grievance are given within ten (10) calendar days of the inmate submitting the grievance (¶ 10). An inmate that is unsatisfied with the result of the informal grievance may file a formal grievance within five (5) business days of his receipt of the outcome of the informal grievance (¶ 11). The Warden's response to a formal grievance is to be provided to the inmate within thirty (30) days of the filing of the grievance (¶ 14). In the event there is no response to the formal grievance within thirty days **the inmate may appeal the grievance to the**

9

**Commissioner's Office,** unless a one time ten day extension has been authorized and the inmate has been so notified by the Grievance Coordinator (¶ 15)(emphasis added).  The inmate may appeal the denial of his grievance at the institutional level to the Commissioner's Office within five (5) business days of receipt of the Warden's decision.  Once the result of the appeal is received by the inmate the process is complete and the inmate has exhausted his administrative remedies (¶ 16).  **The Georgia Department of Corrections grievance process does not contain any provisions allowing inmates to bypass the above stated process** (¶ 18)(emphasis added).  An inmate who feels threatened may file an out of time informal grievance such as when he is transferred.  These out of time grievances are reviewed for good cause (¶ 19).  **If an out of time grievance is found not to be for good cause, the inmate may appeal the denial to the Unit Manager and provide an explanation on page one of the grievance form why it is being filed out of time** (¶ 20)(emphasis added).

### b.  Plaintiff Astaniel Mann

The sworn testimony of Shevondah Fields with regard to this plaintiff shows that he filed an informal grievance with regard to the alleged beating on January 21, 2007, which was not resolved at the institutional level leading to the issuance of formal grievance 0537-07-0082 on February 14, 2007; this grievance was not submitted until March 5, 2007 causing it to be denied as untimely.  Plaintiff Mann did not appeal the out of time denial (¶ 23).  Inasmuch as Plaintiff Mann did not appeal the denial of his grievance he has not exhausted his available administrative remedies with regard to the use of force claim (¶ 26).

Attached to Plaintiffs' brief in response to Defendants' Motion to Dismiss as document 21-4 are copies of materials and letters from Plaintiff Mann, some of which pertain to the

grievance process.  In unsworn statements this Plaintiff states that he was transferred to Autry State Prison on February 15, 2007, whereupon he immediately requested a formal grievance form from Valdosta State Prison which he received on February 27, 2007.  He further states that he immediately completed the form and that his counselor at Autry immediately processed/mailed same on February 28, 2007.  On March 30, 2007, he received notice that his formal grievance was denied as it was received out of time.  He also indicated that his counselor at Autry told him he could not appeal the denial to Atlanta.  All of Plaintiff Mann's statements relative to the grievance process are unsworn and therefore to not constitute competent evidence. The facts are clear however that Plaintiff Mann did not appeal the out of time denial to the Unit Manager in an attempt to show good cause, nor did he appeal the denial of the grievance. Perhaps somewhat harsh in the final result, but given the current state of the case law regarding exhaustion of administrative remedies prior to filing suit, the undersigned is constrained to find that Plaintiff Mann has filed to exhaust which requires dismissal of his complaint without prejudice.  It is so RECOMMENDED.

### c.  Plaintiff Elijah Adcock

The testimony of affiant Fields as to this Plaintiff is that he has filed sixteen informal grievances including one for use of force filed on August 24, 2007, for an event allegedly occurring on April 6, 2006, (the dated Plaintiff states he was beaten).  Plaintiff did not formally grieve or appeal this incident (¶ 35).

Contained within document 21-5 (pp. 5-7) is a copy of the informal grievance along with a copy of the out of time denial.  Also included is the first page of a purported sworn statement from this Plaintiff wherein he states that Defendant Howell told him on the day of the alleged

11

beating that if he grieved the matter he would be beaten again. Assuming this to be true it does not explain this Plaintiff's failure to appeal the out of time denial to the Unit Manager in an attempt to show good cause for the delay, formally grieve or appeal. Because this Plaintiff has failed to exhaust his administrative remedies his complaint must be dismissed without prejudice. It is so RECOMMENDED.

### d. Plaintiff Rickey Lee Fox

This Plaintiff alleges the date of his beating to be March 12, 2007. The Fields testimony shows that this Plaintiff has never filed or appealed a grievance relating to the use of force (¶ 31). On March 27, 2007, this Plaintiff filed an informal grievance to have a disciplinary report thrown out for a fight on March 12, 2007. That informal grievance made no mention of his being subjected to use of force on March 12, 2007.

It does not appear that any materials pertaining to this defendant have been attached to Plaintiffs' responsive brief. Inasmuch as this Plaintiff has clearly failed to exhaust his administrative remedies dismissal without prejudice is clearly required. It is so RECOMMENDED.

### e. Plaintiff Joseph Daniel Fincher

Fields testifies that Plaintiff Fincher has grieved formally eighteen times while in custody of the Georgia Department of Corrections, three of which have been appealed (¶ 27). He filed one grievance in 2007, which did not involve the use of force (¶¶ 28-9).

The material attached to the Plaintiffs' responsive brief regarding this Plaintiff show that on June 29, 2007, apparently while at Georgia State Prison this Plaintiff filed an informal grievance about the alleged use of force at Valdosta State Prison during April and May of 2007,

12

which was denied as being out of time.  Inasmuch as Plaintiff Fincher did not attempt to show

good cause for the delay to the Unit Manager or formally grieve or appeal he has not exhausted

and his complaint much be dismissed without prejudice.  It is so RECOMMENDED.

### f. Plaintiff Shedrick D. Ross

Fields testifies that Plaintiff Ross did file a formal grievance regarding the August 12,

2007 use of force incident to which no response has been issued at the institutional level (¶¶ 37-

8).  This Plaintiff has not appealed this lack of response to the Commissioner's Office (¶ 39).

There are no attachments to Plaintiffs' responsive brief regarding the filing of a grievance by this

Plaintiff.  He has not exhausted his administrative remedies, requiring dismissal of his complaint

without prejudice.  It is so RECOMMENDED.

### g.  Vicarious Exhaustion

Counsel for Plaintiffs posits that under the authority of Chandler v. Crosby, 379 F.3d 1278

(11th Cir. 2004) since Plaintiff Heng has exhausted his available administrative remedies all

remaining plaintiffs should be considered to have vicariously done so as well.  The undersigned

does not find this argument to be persuasive or appropriate as the Chandler holding regarding

vicarious exhaustion was specifically limited to a class action.  Here Plaintiffs have not moved

the court for class certification and this matter has not been so certified.

### h.  Internal Affairs Investigations of Physical Abuse by Staff

Counsel for Plaintiffs would have this court believe that inasmuch as Georgia Department

of Corrections Standard Operating Procedures require the institutional staff to notify Internal

Affairs within two days of receiving an informal grievance alleging physical abuse by staff that

this bypasses or excuses the inmate from the three step exhaustion procedure.  Bluntly put

counsel is incorrect.  Attached to Plaintiffs' responsive brief as document 21-2 are documents

relative to Plaintiff Heng.  Page three is a copy of his formal grievance to which the Defendant

Warden Hart responded:

> A copy of this grievance was sent to Internal Affairs for review.
> They have advised that this issue should be addressed at the
> institutional level and an investigation would be done if further
> evidence was found to substantiate your claim.  I have no further
> evidence.

Page six of that same document is the Grievance Appeal Response wherein it is stated:

> A member of my staff has reviewed your grievance.  You allege that
> the cert team at Valdosta State Prison jumped on and beat you up.
> This review revealed that this grievance was sent to internal affairs
> for review and they advised it should be handled at the institutional
> level.  This was investigated at [sic] by Valdosta State Prison and no
> further evidence was found to substantiate your charge.  Based on
> this information, this grievance is denied.

The fact that this Plaintiff followed the three step exhaustion process certainly belies counsel's

position that these Plaintiffs did not have to follow the same procedure in order to exhaust their

administrative remedies.  As the testimony of Shevondah Fields makes clear, "The GDC

grievance process does not contain **any** provision which allows inmates to bypass the grievance

procedures outlined by SOP IIB05-001." (¶ 18)(emphasis added).  See also Bryant v. Rich, 530

F.3d 1368 (11th Cir. 2008), where, in a factually similar case in which counsel for Plaintiffs was

involved, those plaintiffs were held to the three step exhaustion process.

For all of the reasons set out above it is the RECOMMENDATION of the undersigned

that the claims of Plaintiffs Mann, Adcock, Fox, Fincher and Ross be dismissed without

prejudice for their failure to exhaust their available administrative remedies as required by the

PLRA before bringing this action.  In the event that this recommendation as to exhaustion is

ultimately adopted and made the order of the court by the United States District Judge to whom

this matter is assigned it would appear that the following non supervisory defendants should be

dismissed: Captain Morris, Officer Sain,  Officer Grainger (no entry of appearance filed on

behalf of this defendant), Sgt. Bond, Officer Page, Officer Daniel, Officer Bates, and Officers

John Doe No. 1 and 2.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections

to this recommendation with the Honorable Hugh Lawson, United States District Judge,

WITHIN TEN (10) DAYS of receipt thereof.

***Defendants' Argument as to Improper Joinder of Claims***

Defendants argue that plaintiffs joinder of claims into one action against these defendants

is improper.  Federal Rule of Civil Procedure 20 is entitled "Permissive Joinder of Parties" and

states: in pertinent part:

(a) Persons Who May Join or Be Joined
  (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
      (A) they assert any right to relief jointly, severally, or in the alternative with respect to or
          arising out of the same transaction , occurrence, or series of transactions or
          occurrences: and
      (B) any question of law or fact common to all plaintiffs will arise in the action.
  (2) Defendants.  Persons – as well as a vessel, cargo, or other property subject to admiralty
       process in rem – may be joined in one action as defendants if:
      (A) any right to relief is asserted against them jointly, severally, or in the alternative with
          respect to or arising out of the same transaction, occurrence or series of transactions
          or occurrences; and
      (B) any question or law or fact common to all defendants will arise in the action

Should the recommendation as to exhaustion be adopted by the court only two plaintiffs

will remain, Heng, who alleges his beating occurred on May 29, 2007, and Askew, who alleges

that his beating occurred on March 12, 2007.  Both remaining plaintiffs allege that the following

defendants participated in both beatings, Defendants Yancey, Cannon, Powers, Brown and

Howell.  Plaintiff Heng also alleges that Defendants Ratliff and Smith participated in his beating

15

and Plaintiff Askew alleges the Defendant Schnake participated in his beating.  Thus of the eight

defendants named, five are alleged to be involved in both beatings.  Additionally, both Plaintiffs

seek to hold Defendants Donald, Jacobs, Draper, Hart, McLaughlin, and Maine liable under a

theory of supervisory liability as they allege a widespread policy of prisoner abuse by cert team

members at Valdosta State Prison that they as supervisors knew about and actually condoned as

they did nothing to intervene and end the alleged misconduct.  Both Plaintiffs would appear to

hold Defendants Lewis and Jones liable for a denial of needed medical care subsequent to the

beatings.

It thus appears to the undersigned that although the dates of the alleged beatings differ the

claims of the two Plaintiffs arise out of the same series of transactions or occurrences.  Further it

appears that any right to relief from the Defendants arose out of the same series of transactions

or occurrences and that there are common questions of law as to all Defendants that will arise in

the action.  Further, Federal Rule of Civil Procedure 20(a)(3) titled Extent of Relief seems to

take into consideration the fact that of the eight defendants who are alleged to have beaten both

plaintiffs only five are common to each plaintiff.  That Rule states:

> Neither a plaintiff or a defendant need be interested in obtaining or defending all the
> relief demanded.  The court may grant judgment to one or more plaintiffs according
> to their right and one or more defendants according to their liabilities.

In their reply brief (doc. # 24), Defendants cite Hubbard v. Haley, 262 F.3d 1194 (11th Cir.

2001) for the proposition that prisoners may not join claims to avoid paying the full civil filing

fee as required by the PLRA.  While that is indeed the holding in that case the undersigned finds

the facts there to be distinguishable from the facts here.  In Hubbard, eighteen Alabama prisoners

who were all proceeding *pro se* attempted to join their common claims as to inadequate dialysis

treatment and thereby pro rate the filing fee.  The court there reasoned that the filing fee payment

requirement contained within the PLRA was there to discourage totally frivolous lawsuits

brought by unlearned *pro se* litigants and to allow joinder under this circumstance would defeat

that purpose.  Here the plaintiffs are represented by counsel and the $350.00 civil filing has been

paid.  If the above recommendation as to exhaustion is adopted there are only two plaintiffs.

Therefore it is the RECOMMENDATION of the undersigned that the Defendants' motion to

dismiss on grounds of improper joinder be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the

parties may file written objections to this recommendation with the Honorable Hugh Lawson,

United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### Plaintiff's Claims for Injunctive Relief

Plaintiffs' complaint apparently seeks far reaching injunctive relief against every Georgia

Department of Corrections employee on behalf of all Georgia prisoners.  Simply put this prayer

is too broadly drawn, not capable of enforcement and counsel does not represent all of the

prisoners in the state of Georgia.  His over broad request for injunctive relief should be denied

for this reason.  Further, neither Plaintiff Askew or Heng is presently an inmate at Valdosta State

Prison.  Information obtained from the Georgia Department of Corrections On Line Prisoner

Locator reveals that Plaintiff Askew was released from Lowndes State Prison on June 4, 2007,

and is not presently in the system.  Plaintiff Heng is currently housed at Ware State Prison.  A

prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the

facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir.1986);

McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir.1984). It is thus the

RECOMMENDATION that Defendants' motion to dismiss be GRANTED as to Plaintiffs'

prayers for injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### *The Supervisory Defendants*

This group consists of all remaining defendants who are not alleged to have personally participated in the actual beatings of the Plaintiffs.  Defendants argue that Plaintiffs have not stated a claim sufficient to keep these Defendants in the case.  It must be remembered that Defendants' motion is a Pre-answer Motion to Dismiss, filed shortly after the complaint was filed.  Plaintiffs have at this point alleged the existence of a widespread policy and practice of allowing summary beatings of restrained inmates at Valdosta State Prison. In addition to the seven originally named Plaintiffs in this complaint, counsel has filed a motion to add five additional plaintiffs at Valdosta State Prison bringing to twelve the number of Plaintiffs alleging such beatings.[6]   However, the undersigned can not find at this early stage of these proceedings   "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] that would entitle [them] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

"Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. . . . The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. . . . The deprivations that constitute

---

[6]This motion will be addressed in a separate recommendation.

widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (internal citations omitted).

Plaintiffs do not allege that the Supervisory Defendants were personally involved in any of the individual beatings.  They do allege the existence of a widespread policy and practice of allowing them to occur.  In the complaint and including the five additional plaintiffs counsel seeks to add, twelve summary beatings of restrained inmates are alleged at Valdosta State Prison between April 2006 and March 2008.  It is the finding of the undersigned that it cannot be stated as a matter of law that twelve alleged beatings during this period of time are nothing more than isolated incidents.  At this point of the proceedings it is the RECOMMENDATION of the undersigned that Defendants' Motion to Dismiss the Supervisory Defendants for failure to state a claim be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

***Supervisory Defendants and Qualified Immunity***

Defendants next argue that the Supervisory Defendants are entitled to qualified immunity pointing out that qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" Vinyard v. Wilson, 311 F.3d 1240, 1346 (11th Cir. 2002)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (doc. 18-2, p. 28).  Here it is not questioned that these defendants were performing discretionary functions.  Do the allegations, if true, establish a constitutional violation? Hope v. Pelzer, 536 U.S. 730, 736 (2002).  Here it is alleged that these defendants condoned and were deliberately

indifferent to a widespread practice and policy of summarily beating restrained inmates in violation of the cruel and unusual punishment clause of the Eighth Amendment.  To be deliberately indifferent and to condone requires knowledge of the policy and practice.  Thus, if the allegations are true a constitutional violation occurs.

The court must next consider whether the right was clearly established to the extent that a reasonable official would understand that what he is doing (or not doing) violates that right. Obviously, every instance of use of force by prison officials does not rise to the level of a constitutional violation.  However, it has been clear since Whitley v. Albers, 475 U.S. 312 (1986) as expanded by Hudson v. McMillian, 503 U.S. 1(1992) that force applied maliciously and sadistically for the very purpose of causing harm as opposed to force applied in a good faith effort to maintain or restore discipline violates the Eighth Amendment.  Further, it has been clear at least since Brown v. Crawford, 906 F.2d 667, 671(11th Cir. 1990) that a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and that if he fails to do so that supervisory liability can attach.

Given the nature of the allegations as to the Supervisory Defendants, condonation of routine summary beatings without justification, the undersigned, without more, can not find at this early stage of these proceedings that these Defendants are entitled to qualified immunity. It is therefore RECOMMENDED that the Defendants' Motion to Dismiss the Supervisory Defendants on grounds of qualified immunity be DENIED at this time.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

***Torture***

20

Plaintiffs' counsel attempts to have the alleged treatment of the Plaintiffs somehow brought under Chapter 113C of Title 18 of the United States Criminal Code which makes torture a **criminal offense** (emphasis added). It is the view of the undersigned that this argument is not well founded and it is RECOMMENDED that Defendants' Motion to Dismiss so much of Plaintiffs' complaint that addresses torture as defined in Title 18 U.S.C. § 2340(1) be GRANTED and all references thereto be removed from the complaint for the following reasons. Title 18 U.S.C. § 2340A is titled Torture. Subsection (a) of that statute is titled, Offense, and begins in pertinent part, "Whoever **outside the United States** commits or attempts to commit torture shall be . . . ."(emphasis added). Title 18 U.S.C. § 2340B is titled Exclusive remedies, and the last phrase of this one sentence section states, "nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding."

The remedies provided by § 1983 are more that adequate to justly compensate in the event liability is found to exist. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

### *State Law Claims*

To the extent that Plaintiffs seek to raise state law claims in their complaint it is the RECOMMENDATION of the undersigned that Defendants' Motion to Dismiss be GRANTED as to them for the following reasons. The Plaintiffs have failed to show that they gave the required *ante litem* notice as required by the Georgia Tort Claims Act (O.C.G.A. § 50-21-20 *et. Seq.*). That Act bars actions against state employees in their individual capacities and state

employees are protected by Eleventh Amendment immunity from suits in their official capacities in Federal courts.  Acts of assault and battery by state employees are specifically excluded by the Georgia Tort Claims Act.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Conclusion*

It is RECOMMENDED that:

1.  Defendants' Motion to Dismiss be DENIED on the failure to state a claim upon which relief may be granted ground.

2.  Defendants' Motion to Dismiss be GRANTED as to Plaintiffs Mann, Adcock, Fox, Fincher and Ross for failure to exhaust their available administrative remedies as required by the Prison Litigation Reform Act, and further that these Plaintiffs not be allowed to benefit from the principle of vicarious exhaustion.

3.  Defendants' Motion to Dismiss be GRANTED as to Defendants Captain Morris, Officer Sain, Officer Grainger, Sgt. Bond, Officer Page, Officer Daniel, Officer Bates and Officers John Doe No. 1 and 2.

4.  Defendants' Motion to Dismiss be DENIED on the grounds of improper joinder.

5.  Defendants' Motion to Dismiss be GRANTED as to the injunctive relief claims.

6.  Defendants' Motion to Dismiss be DENIED at this time as to the claims against the Supervisory Defendants.

7.  Defendants' Motion to Dismiss be GRANTED as to the torture claims.

8.  Defendants' Motion to Dismiss be GRANTED as to any State law claims raised by

Plaintiffs.

SO RECOMMENDED, this 23rd day of February 2009.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE