# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**ASTANIEL JARVIS MANN, et al.,**

    Plaintiffs,

v.       Civil Action No. 7:08-cv-5 (HL)

**COMMISSIONER JAMES DONALD, et al.,**

    Defendants.

_____

## ORDER

This matter is before the Court on the Recommendation (Doc. 33) of United States Magistrate Judge Richard L. Hodge, entered February 24, 2009. The Magistrate Judge recommends that the claims of five of the seven named plaintiffs be dismissed, and that seven Defendants, along with two John Doe Defendants, be dismissed. Plaintiffs and Defendants have filed objections to the Recommendation. Before addressing the Recommendation on the merits, the Court must first address the timeliness of the parties' objections.

The Magistrate Judge entered his Recommendation on the docket on February 24, 2009. As directed in the Recommendation, and as specified in 28 U.S.C.A. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties had the right to "serve and file written objections" within "ten days after being served with a copy" of the Recommendation. When timely objections are filed, the district court must

make a de novo determination of those portions of the Recommendation as to which objection is made. 28 U.S.C.A. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If no timely objections are filed, the Court considers the Recommendation for clear error. Macort v. Prem, Inc., No. 06-12316, 2006 WL 3473734, *2 (11th Cir. Nov. 30, 2006) (unpublished opinion) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'")

Plaintiffs' objections were filed on March 16, 2009.[1] According to the Court's calculations the objections were due on March 13, 2009. Plaintiffs' time for filing objections began to run when the Recommendation was entered on the docket on February 24, 2009, at which time the parties were served with electronic notice of the docketing, as authorized by Federal Rule of Civil Procedure 5(b)(2)(E). Pursuant to Rule 5(b)(2)(E), when service is made by electronic means, "service is complete upon transmission." Service was thus complete on Plaintiffs, whose attorney was served by electronic means, on February 24, 2009. Plaintiffs were thus required to serve and file written objections within ten days after being served on February 24, 2009.

---

[1] The objections, which consist of 61 pages, were accompanied by a motion seeking permission to exceed the page limit. Because the Court finds that the objections were not timely filed, it will not address the length of the objections or the timeliness of the motion to exceed the page limitation. Plaintiffs' Motion for Permission to Exceed the Page Limitation (Doc. 38) is moot.

The rules for computing time set forth at Federal Rule of Civil Procedure 6, direct that the day of service is not included in calculating the ten days, Fed. R. Civ. P. 6(a)(1), nor are intermediate legal holidays, Saturdays, or Sundays, Fed. R. Civ. P. 6(a)(2). The last day of the period is counted unless it is a legal holiday, a Saturday, or a Sunday. Fed. R. Civ. P. 6(a)(3). Applying these rules, therefore, the first day of the ten began on February 25, 2009, and the last day of the ten fell on March 10, 2009, a Tuesday. Rule 6 also provides for the addition of three days after the period would otherwise expire if service is made under Rule 5(b)(2)(E), as was the case here. Fed. R. Civ. P. 6(d). After adding these three days, the Court finds that Plaintiffs' objections were due on March 13, 2009, a Friday. Having been filed on March 16, 2009, the objections were not timely.

The Court similarly finds that Defendants' objections were not timely filed. Defendants' objections were filed on March 18, 2009, two days after Plaintiffs' objections were filed. Thus the Court's counting analysis as applied to Plaintiffs would apply with even greater force to Defendants' objections.[2] Having concluded that the objections of both parties are untimely, the Court will consider the Recommendation

---

[2] The Federal Rules of Civil Procedure allow a party to respond to another party's objections. Fed. R. Civ. P. 72(b)(2). A response to an objection must be filed within ten days of being served with a copy of the objections. Id. If Defendants' objections could be deemed as a response to Plaintiffs' objections, under Rule 72(b)(2), they would be timely. However, nothing in Defendants' objections suggests that they were intended to be a response to Plaintiffs' objections. Moreover, because the Court is not considering Plaintiffs' objections, there would be no reason for it to consider Defendants' response to the objections.

for clear error. Under this standard, and after review, the Court finds no error in the Magistrate Judge's conclusions. Accordingly, the Court accepts the Recommendation of the Magistrate Judge. Defendants' Motion to Dismiss (Doc. 18) is granted, in part, and denied, in part, as more fully set forth in the Recommendation. Plaintiff's Motion to Exceed the Page Limitation (Doc. 38) is moot, as addressed previously in this Order. This matter is hereby recommitted to the Magistrate Judge for such further proceedings as may be appropriate, including but not limited to, Plaintiffs' Motion to Certify Class (Doc. 16).

    **SO ORDERED**, this the 25th day of March, 2009.

                        *s/ Hugh Lawson*
                        **HUGH LAWSON, SENIOR JUDGE**

mls