# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ASTANIEL JARVIS MANN, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 7:08-cv-5 (HL) |
| **COMMISSIONER JAMES DONALD, et al.,** | : | |
| Defendants. | : | |

_____

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration of Order of the Court, March 25, 2009. (Doc. 44). In the Motion, Plaintiffs request that the Court reconsider its Order dated March 25, 2009 (Doc. 42), adopting the Recommendation of United States Magistrate Judge Richard L. Hodge entered on February 24, 2009 (Doc 33). For the reasons set forth herein, Plaintiffs' Motion is denied.

In the March 25, 2009 Order, the Court determined that the objections to the Recommendation filed by both Plaintiffs and Defendants were untimely, as neither was filed within ten (10) days after the Recommendation was entered on the docket. Plaintiffs now contend the Court's calculation that the objections were due by March 13, 2009 is incorrect, as the court docket and the CM/ECF electronic transmittal receipt received by counsel for Plaintiffs stated "Objections to R&R due by 3/19/2009."

On November 23, 2004, the Honorable W. Louis Sands entered an order stating that the District Court for the Middle District of Georgia would convert to the CM/ECF system. (Standing Order #04-01). As part of this order, the Clerk of the District Court was directed to implement and publish *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents by Electronic Means* for both civil and criminal cases filed in the District Court. These procedures, last revised in July of 2008, "govern electronic filing in this district unless, due to extraordinary circumstances in a particular case, a judicial officer determines that the policies and procedures should be modified in the interest of justice." (*Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means in Civil Cases*, p. 1). As no extraordinary circumstances have been brought to the Court's attention, the procedures as written govern the filings in this case.

As required by Section II(B) of the *Administrative Procedures*, entitled "Service," a Notice of Electronic Filing was generated and emailed to counsel when the Recommendation was entered by the Magistrate Judge on February 24, 2009. (Doc. 44, Exh. A). The Notice states "Objections to R&R due by 3/19/2009," and based on this Notice, along with a similar entry on the docket report and a query of the deadlines in this case, Plaintiffs contend that their objections were timely when filed on March 16, 2009.

Section II(B), however, contains specific language that refutes Plaintiffs' position. "Attorneys should be aware that response and reply due dates, which appear when

either electronically filing a motion or querying deadlines, is for court use only and should <u>not</u> be relied upon as an accurate computation of these deadlines." It is the attorney's responsibility to calculate due dates based on the mandates set forth by the Federal Rules of Civil Procedure. In this case, that means any objections were due by March 13, 2009, making Plaintiffs' objections filed on March 16, 2009 untimely.

Plaintiffs also contend that their objections should be considered in light of the Motion for Class Certification filed by Plaintiffs on March 16, 2009. (Doc. 40). This does not change the Court's analysis. Plaintiffs have not shown the Court why their Motion for Class Certification relieves them from their duty to file timely objections, especially when the Motion was filed after the entry of the Recommendation.

Plaintiffs' Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this the 1st day of April, 2009.

                                                      *s/   Hugh Lawson*
                                                      **HUGH LAWSON, SENIOR JUDGE**

mbh