IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| PIP HENG, et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Civil Action File No. |
| | : | 7 : 08-CV-05 (HL) |
| JAMES DONALD, Commissioner, et al., | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this prisoner 42 U.S.C. § 1983 is plaintiffs' motion for class certification (Doc. 40).

This action involves multiple plaintiffs alleging various violations of constitutional rights at Valdosta State Prison by the use of excessive force by multiple defendants. Plaintiffs, current and former inmates in the Georgia Department of Corrections ("GDOC") allege that they were beaten at Valdosta State Prison and that these beating were covered up. They claim they were beaten on different days, by different Defendants, in different factual circumstances. They now move to certify a class that would encompass every past, current, and future GDOC inmate that has allegedly been beaten or will be beaten in the future.

Plaintiffs seeking class certification must make an initial showing of two implicit requirements: 1) the class is identifiable, and 2) the class representative has standing to bring the claim. Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1346 (11th Cir. 2001). Then, the requirements of FED. R. CIV. P. 23 must be met, which requires a showing that the class is so numerous that joinder is impracticable, common questions of law or fact predominate, typicality in the claims or defenses,

and fair and adequate representation. FED. R. CIV. P. 23(a).

Plaintiffs move for certification under Rule 23(b)(2) (injunctive relief with respect to the class as a whole) and 23(b)(3) (predominance of common questions of law or fact).

*Identifiable Class*

Plaintiffs' proposed class is:

> All past and present inmates at the Valdosta State Prison and at other Georgia prisons who have been subjected to or may be subjected to excessive force, summary punishment, or premeditated violence by being beaten while restrained by CERT Team Officers at Valdosta State Prison and by CERT Team Officers at other Georgia prisons in violation of the United States Constitution, laws and treaties, and the Georgia Constitution and laws.

(Doc. 40-2, pp. 2-3).

The analysis with respect to excessive force claims looks to "whether force was applied in a good faith effort to maintain or restore discipline or inflict maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). Five distinct factors are relevant to ascertaining whether the force used violated the Eighth Amendment: (1) the extent of the injury, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them. Whitley v. Albers, 475 U.S. 312, 321 (1986).

As a practical matter, it is impossible to determine whether any particular individual is a member of the proposed class without looking to the specific circumstances surrounding the alleged use of force relevant to that person. Therefore, identifying the class would be logistically difficult.

*Standing*

Defendants assert that no Plaintiff has standing to obtain injunctive relief. At least one named class representative must have standing to pursue the claims at to which class-wide relief is sought. Wooden v. Bd. of Regents of Univ. Sys. of Georgia, 247 F.3d 1262, 1287 (11th Cir. 2001). Abstract injury is not enough to satisfy standing. O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Where there is no substantial likelihood of future injury, there is no standing to seek injunctive relief. Warth v. Seldon, 422 U.S. 490, 508 (1975).

The Supreme Court has emphasized the requirement of a realistic threat of future injury. City of Los Angeles v. Lyons, 461 U.S. 95 (1983). In Lyons, the Court held that the plaintiff lacked standing to seek an injunction against future police use of chokeholds, although he had been injured by one. *Id*. at 101-02. The Court emphasized that "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Id*. at 102 (*quoting*, O'Shea, 414 U.S. at 495-96).

In Kerr v. City of West Palm Beach, 875 F.2d 1546 (11th Cir. 1989), the Eleventh Circuit applied Lyons to a claim for injunctive relief against the use of a canine unit. The police dogs had a very high "bite-ratio," the police department had no internal procedures for monitoring the canine unit, the canine unit was used more frequently, and the plaintiffs had been harmed by dog bites. *Id*. at 1551, 1556, 1548. Still, the plaintiffs lacked standing to seek relief "enjoining the Department from continuing to use its canine unit in an unconstitutional manner." *Id*. In reaching its conclusion, the court noted that federal courts are not authorized to "perform an assessment of abstract constitutionality of government policies." *Id*. at 1554. Although the policy may have permitted unconstitutional seizures, the police did not "require its officers to act unconstitutionally." *Id*.

3

Here, Plaintiffs lack standing to seek injunctive relief. The showing here is similar to the showings rejected in Lyons and Kerr. Plaintiffs' past exposures to allegedly unlawful conduct do nothing to establish a real and immediate threat of future injury. And, the practices sought to be enjoined are much less amenable to injunctive control than the conduct at issue in Lyons and Kerr.

*Rule 23(a)*

Additionally, it does not appear that Plaintiffs meet the requirements of Rule 23 (a). The four requirements of Rule 23(a) are commonly referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Piazza, Inc., 273 F.3d at 1346.

**1. Numerosity**

A plaintiff "generally must proffer some evidence of a reasonable estimate of the number of members comprising the purported class." In re Disposable Contact Lens Antitrust Litigation, 170 F.R.D. 524, 529 (M.D.Fla. 1996). A class representative must "possess the same interest and suffer the same injury" as the class members. East Texas Motor Freight Systems, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).

In the present case, Plaintiffs seek to serve as class representatives for a class encompassing every past, present, and future GDOC prisoner. Plaintiffs allege that there are 54,268 inmates in Georgia prisons, (Comp. ¶ 6), and argue that each of these inmates is a member of the class. (Doc. 40-2, p. 5). But, every GDOC inmate does not claim to have been restrained and beaten by CERT Team Officers.

The number of proposed class plaintiffs cannot be 54,268. In addition, due to the individualized nature of the excessive force inquiry, it is virtually impossible for one prisoner's condition to be compared to any other. Absent including every GDOC inmate, Plaintiffs have not

attempted to specify how they will determine membership in the proposed class. As a result, they have failed to satisfy the numerosity requirement.

**2. Commonality**

The commonality requirement requires that a class action involve issues that are susceptible to class-wide proof. Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001). To satisfy the commonality requirement, a plaintiff must show that questions of law or fact common to the entire class. "[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." Blum v. Yaretsky, 457 U.S. 991, 999 (1982).

Whether commonality exists depends on whether the issues are subject to generalized proof applicable to the class as a whole. Cooper v. Southern Co., 390 F.3d 695, 722 (11th Cir. 2004). If the resolution of each of the claims requires an individual inquiry of the facts surrounding each alleged incident, commonality is not satisfied. Kerr, 875 F.2d at 1558.

Here, Plaintiffs state that the common issue is whether there is a policy of "issuing system wide beating gloves" for use in the "beating of inmates and a system wide policy of covering up the unconstitutional beatings." (Doc. 40-2, p.7). However, the constitutional analysis looks to the particular facts surrounding the use of force. The Eleventh Circuit has stated that the commonality requirement cannot be met in such cases, Kerr, 875 F.2d at 1558, because each claim requires an analysis of the reasonableness of the officer's actions in light of the unique factual circumstances surrounding the particular use of force. Id.

Commonality cannot be met here because each alleged incident consists of specific facts that must be analyzed in the context of each incident. Whether a particular use of force violates the

constitution requires a determination of what happened and its constitutional significance particular to each defendant.

Clearly, these incidents, as with any use of force incident claimed by a putative class member, will involve facts that must be analyzed separately.  Damages will also vary, as the alleged injuries claimed by each class member will be different. Plaintiffs concede that a separate damages trial will be required for every class member. (Doc. 40-2, p. 6).

The constitutional framework also requires an analysis of each defendant's conduct. Liability under Section 1983 requires personal involvement (Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978)), and claims involve both subjective and objective elements on the part of a defendant. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Similarly, the defense of qualified immunity looks to the specific conduct of the defendant and asks whether a "reasonable officer" would have believed that particular defendant's action to be lawful in light of clearly established law and the information possessed by the defendant.  Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Therefore, the conduct of each of the Defendants must be analyzed independently, and the liability (or lack thereof) of each of them will vary with each incident and with each Plaintiff and/or class member.

For these reasons, a trial will be required to determine whether each plaintiff's claim, a defendant's liability, and individual damages, all of which are quite fact specific; no two claims will be alike.  Such claims are not amenable to a class action.

**3. Typicality**

For these same reasons, Plaintiffs cannot show typicality, which requires the claims of the class representative to share the same "essential characteristics as the claims of the class at large."

Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985)). Here, the claims of Plaintiffs' proposed class are similar only at the most heightened level of generality – i.e., claims alleging the use of excessive force by CERT Team Officers. Such a high level of generality is not sufficient to meet the typicality requirement. Id. Because the claims of Plaintiffs and of the proposed class members are not substantially similar, the typicality requirement cannot be met.

**4. Class Representation**

Finally, Plaintiffs have alleged no facts to establish the adequacy of class representation. This requirement has two components: 1) that the plaintiffs' attorney is qualified, experienced, and will vigorously prosecute the action; and 2) the interest of the class representatives is not antagonistic to or in conflict with the other members of the class. Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir. 1985). Neither component has been satisfied.

Although Plaintiffs state that their counsel "has had experience in successfully litigating class actions," no examples are provided. Counsel for plaintiff is a sole practitioner who appears to lack the staff to handle a major class action of thousands of inmates. Plaintiffs acknowledge that even if they obtain class certification, a separate individual trial will be required for each class member which, using their own estimate would result in 54,000 separate trials. Plaintiffs do not explain how such a class would be manageable or how certification would create efficiency.

The undersigned finds that class certification in this action is not warranted. The class is too large and vague, the claims are too individualistic and specific to the individual plaintiffs and the individual defendants, and determining liability and damages would simply be inefficient, logistically difficult, and unwieldy. For these reasons, it is hereby RECOMMENDED that plaintiff's motion for class certification be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of December, 2009.

                                      **S/G. MALLON FAIRCLOTH**
                                      **UNITED STATES MAGISTRATE JUDGE**

msd