**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| PIP HENG, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER JAMES DONALD, et al.,<br><br>     Defendants. | Civil Action 7:08-CV-5 (HL) |

**ORDER**

Currently pending before the Court is the Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 93), entered on January 25, 2011. The Magistrate Judge recommends that Defendants Donald, Jacobs, Draper, Lewis, Hart, McLaughlin, Jones, Maine, Powers, Howell, Brown, Yancy, Cannon, Schnake, Lucas, Proctor, Ridall, Glenn, Jackson, and Williams' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 71) be granted, in part, and denied, in part; that Defendant Ratliff's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 73) be granted, in part, and denied, in part; and that Defendant Smith's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 74) be granted, in part, and denied, in part. Plaintiffs have filed an objection to the Recommendation (Doc. 94). The Court has made a *de novo* review of the portions of the Recommendation to which objection is made.

**A.    Failure to Exhaust Administrative Remedies**

The Magistrate Judge recommends that the claims of Plaintiffs Keel, Greene, and Hart be dismissed for failure to exhaust administrative remedies. He also

recommends that Plaintiff Haskell's December 2006 and January 2008 claims be dismissed for failure to exhaust.

While Plaintiffs devote 12 pages of text to their argument about exhaustion of administrative remedies, they make only one clear objection to the Recommendation. Plaintiffs contend that the Magistrate Judge ignored the case of Graham v. Henderson, 315 Fed. Appx. 849 (11th Cir. 2009), in reaching his decision on the exhaustion issue. As the other exhaustion arguments contained in the objection are nothing more than cut and pasted sections from Plaintiffs' response to the motions to dismiss and contain no discussion about how the Magistrate Judge erred, the Court will only consider the argument as to the Graham case.

In Graham, the prisoner plaintiff filed a civil rights action alleging physical abuse. The defendants filed a motion to dismiss for failure to exhaust administrative remedies, which was granted by the district court. The Eleventh Circuit reversed and remanded the case, finding that the prisoner did exhaust the required administrative remedies. The Graham plaintiff filed an informal grievance, but the defendants never responded and never gave the plaintiff a formal grievance form, despite the fact that the applicable standard operating procedure required that when an informal grievance alleged physical abuse, the counselor was to forward the grievance to the grievance coordinator within two business days of receipt, and the grievance coordinator was to ensure that the inmate was promptly issued a formal grievance form. Id. at *1. The Eleventh Circuit determined that the plaintiff adequately exhausted his administrative

remedies because the defendants did not respond to the plaintiff's informal grievance, the informal grievance was not transmitted to the grievance coordinator within two business days, and neither the counselor nor the grievance coordinator met with the plaintiff or provided a formal grievance form. Id.

Plaintiffs Keel, Hart, Haskell, and Greene contend that they filed their initial informal grievances but were not notified of the denial of their informal grievances or furnished with formal grievances so that they could proceed to the next step in the grievance process. Plaintiffs contend that since they were not notified of the denial of their informal grievances and were not provided with formal grievance forms, they have exhausted the grievance procedure to the extent available. The Court will review the evidence relating to each Plaintiff in turn.

Plaintiff Keel contends that he was beaten on August 2, 2006. Defendants have filed a copy of an informal grievance form completed and signed by Plaintiff Keel on August 10, 2006 (Doc. 71-5, p. 5), in which he alleges that he was assaulted on August 2, 2006. Plaintiff Keel signed the bottom of the informal grievance, showing that his complaint was not resolved. Further, Defendants have filed a formal grievance completed and signed by Plaintiff Keel dated August 30, 2006 (Doc. 71-5, p. 3), in which he alleges he was assaulted on August 2, 2006. The contentions that Plaintiff Keel did not receive a response to his informal grievance and that he did not receive formal grievance form are directly contradicted by the evidence. The claim that Plaintiff

Keel has exhausted his administrative remedies as provided by Graham fails. Plaintiffs' objection as to Plaintiff Keel is overruled.[1]

Plaintiff Hart contends he was assaulted on June 26, 2007. Defendants have filed a copy of an informal grievance form completed and signed by Plaintiff Hart on June 27, 2007 (Doc. 71-9, p. 4), in which he alleges that he was beaten on June 26, 2007. Plaintiff Hart signed the bottom of the informal grievance, showing that his complaint was not resolved. Further, Defendants have filed a formal grievance completed and signed by Plaintiff Hart dated July 18, 2007 (Doc. 71-9, p. 2), in which he alleges he was assaulted on June 26, 2007. The contentions that Plaintiff Hart did not receive a response to his informal grievance and that he did not receive formal grievance form are directly contradicted by the evidence. Plaintiffs' objection as to Plaintiff Hart is overruled.

Plaintiff Haskell contends he was beaten in December of 2006 and January of 2008. With regard to the January 2008 incident, Defendants have filed a copy of an informal grievance form completed and signed by Plaintiff Haskell on January 14, 2008 (Doc. 71-7, p. 4), in which he alleges that he was assaulted. Plaintiff Haskell signed the bottom of the informal grievance, showing that his complaint was not resolved. Further, Defendants have filed a formal grievance completed and signed by Plaintiff Haskell dated January 29, 2008 (Doc. 71-7, p. 2), in which he alleges he was assaulted on

---

[1] The informal grievance form filed by Plaintiff Keel on September 25, 2006 does not relate to the August 2, 2006 incident. (Doc. 90-1, p. 22). In any event, as reflected on the bottom of the informal grievance form, Plaintiff Keel received a response to that grievance as well.

January 10, 2008. The contentions that Plaintiff Haskell did not receive a response to his informal grievance and that he did not receive formal grievance form are contradicted by the evidence.

As for the December 2006 incident, Defendants have filed a copy of an informal grievance form completed and signed by Plaintiff Haskell on January 5, 2007 (Doc. 71-8, p. 3), in which he alleges he was assaulted on December 8, 2006. The informal grievance was denied as untimely (Doc. 71-8, p. 2). The evidence contradicts Plaintiff Haskell's argument that he did not receive any response to his informal grievance. The claim that Plaintiff Haskell has exhausted his administrative remedies as provided by <u>Graham</u> with respect to the December 2006 incident fails. Plaintiffs' objection as to Plaintiff Haskell is overruled.

Finally, Plaintiff Greene contends that he was beaten on November 14, 2007. Defendants have provided evidence that Plaintiff Green never filed a grievance alleging that he was assaulted on that date. Plaintiffs have provided the Court with an informal grievance form dated November 14, 2007, in which Plaintiff Greene states he was assaulted on that same date (Doc. 85-1, p. 21). Defendants contend that the form was never submitted to prison officials, as if it had been submitted, the bottom portion would have been completed by Plaintiff Greene's counselor and provided to him as a receipt. The bottom portion of the form submitted to the Court by Plaintiff Greene is not completed or detached. As Defendants have established Plaintiff Greene's failure to exhaust, Plaintiff Greene must come forward with competent evidence to the contrary.

However, Plaintiff Greene has provided no evidence that he actually filed the informal grievance. He has provided no explanation as to why he has no receipt for the alleged filing, and in fact, he never addresses the lack of receipt issue at all. It appears to the Court that the informal grievance form was never properly submitted to prison authorities, which means Plaintiff Greene did not exhaust his administrative remedies. Thus, Plaintiffs' objection as to Plaintiff Greene is also overruled.

**B.     Statute of Limitations**

For some reason unknown to the Court, Plaintiffs have objected to the Magistrate Judge's ruling on Defendants' statute of limitations argument. The only Plaintiff addressed in that portion of the Recommendation is Plaintiff Walker, and the Magistrate Judge recommended that Defendants' motion to dismiss Plaintiff Walker's claim as time-barred be denied. Plaintiffs' objection on this point is overruled.

**C.     Failure to State a Claim - Supervisory Liability**

The Magistrate Judge recommends that Defendants Hart, McLaughlin, Donald, Jacobs, Lewis, Jones, and Draper (the "Supervisory Defendants") be dismissed from this case. He states that the allegations against the Supervisory Defendants are conclusory in nature, and that Plaintiffs have failed to plead factual content so that the court can draw the reasonable inference that the Supervisory Defendants are liable for the misconduct alleged as required by <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).

In the Second Amended Complaint, Plaintiffs allege that the Supervisory Defendants have "condoned and have been deliberately indifferent to the beatings of Plaintiffs . . .," have "condoned and have been deliberately indifferent and are continuing to condone and be deliberately indifferent to the beatings of restrained inmates . . . ," and have "covered up the pattern and practice of beatings by restrained inmates . . ." (Doc. 64). In order to survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quotation omitted). A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff must allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965 (2007). Conclusory statements, without more, are insufficient to show a right to relief. *See* Iqbal, 129 S.Ct. at 1949.

While Plaintiffs are correct that the allegations in the complaint must be taken as true for purposes of the motion to dismiss, Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990), the allegations against the Supervisory Defendants are nothing more than the sort of conclusions the Supreme Court rejected in Iqbal, where the respondent alleged that the petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy . . . ." Iqbal, 129 S.Ct. at 1951. The Magistrate Judge was correct in finding that the Second Amended

Complaint fails to state a claim against the Supervisory Defendants. Plaintiffs' objection on this point is overruled.

**D.     Conclusion**

The Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 93), as modified herein, is adopted and made the order of the Court. Defendants Donald, *et al.*'s Motion to Dismiss (Doc. 71) is granted, in part, and denied, in part. Defendant Ratliff's Motion to Dismiss (Doc. 73) is granted, in part, and denied, in part. Defendant Smith's Motion to Dismiss (Doc. 74) is granted, in part, and denied, in part. The claims made by Plaintiffs Keel, Hart, and Greene are dismissed for failure to exhaust. The December 2006 and January 2008 claims by Plaintiff Haskell are dismissed for failure to exhaust. Defendants Lucas, Proctor, Glenn, Jackson, Waddell, Williams, Hart, McLaughlin, Donald, Jacobs, Lewis, Jones, and Draper are dismissed. Defendant Cannon is also dismissed as he is deceased.

The remaining Plaintiffs are Heng, Askew, Walker, and Haskell (as to the March 2008 claim only). The remaining Defendants are Maine, Powers, Howell, Smith, Ratliff, Brown, Ridall, Yancy, and Schnake.

The Court sets the following schedule for discovery and motions:

Discovery expires on June 6, 2011. No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the Court, no deposition shall be scheduled beyond the discovery period.

Plaintiffs must disclose the identity of any expert witnesses on or before April 7, 2011. Defendants must disclose the identity of any expert witnesses on or before April 22, 2011. If Defendants designate an expert where Plaintiffs have not previously designated an expert, Plaintiffs shall have 15 days from the designation of the Defendants' expert within which to designate a rebuttal expert witness.

The designation of any expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

Any supplemental expert reports must be provided to opposing counsel on or before May 6, 2011. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

All motions to join other parties or to otherwise amend the pleadings shall be filed on or before June 21, 2011.

All dispositive motions shall be filed on or before July 6, 2011.

All <u>Daubert</u> motions must be filed on or before June 21, 2011. The parties are instructed not to file <u>Daubert</u> motions as part of dispositive motions.

**Given the age of this case, and the fact that it is a relatively straight forward excessive use of force case, the Court does not intend to grant any extensions of the discovery and motion deadlines, and will only do so in extreme circumstances. In the event either party wants an extension of any of these**

**deadlines, a motion outlining specific reasons why additional time is needed must be filed. The Clerk of Court is not authorized to grant any extensions of time for briefing. Any such requests must be made to the Court through an appropriate motion.**

Requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The parties are limited by the Local Rules to twenty-five interrogatories (L. R. 33.1), ten requests for production (L. R. 34), and fifteen requests for admissions (L. R. 36). The parties may not exceed these limits without filing a motion and receiving written permission from the Court.

All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the Local Rules. Letters, faxes, and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court.

Any request for leave of absence should be filed in the form of a motion. The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

Do not send courtesy copies of letters, motions, or briefs to the Court.

**SO ORDERED**, this the 14th day of March, 2011.

                                        *s/ Hugh Lawson*

mbh                               **HUGH LAWSON, SENIOR JUDGE**