**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA  DIVISION**

PIP HENG, *et al.*,                                      :
                                                        :
                    Plaintiffs,                         :
                                                        :
        VS.                                             :
                                                        :        7 : 08-CV-05 (HL)
RODNEY SMITH, *et al.*,                                  :
                                                        :
                    Defendants.                         :
_____

**RECOMMENDATION**

Presently pending in this 42 U.S.C. § 1983 action is a Motion for Summary Judgment filed by Defendant Rodney Smith.  (Doc. 127).  This Complaint was originally filed on January 8, 2008 (Doc. 1) by multiple Plaintiffs, all of whom are represented by counsel.  After the Court ruled upon a series of motions to amend and motions to dismiss, Plaintiffs Heng, Askew, Walker, and Haskell (only as to his March 2008 claim), and Defendants Maine, Powers, Howell, Smith, Ratliff, Brown, Riddall, Yancey, and Schnake remain herein.  (Doc. 97).

The only remaining claim pending against Defendant Smith was brought by and pertains only to Plaintiff Pip Heng.  Plaintiff Pip Heng received a disciplinary transfer to Valdosta State Prison ("VSP") on May 29, 2007, following his involvement in a riot at Telfair State Prison.  In his claim against Defendant Rodney Smith, Plaintiff Heng alleges that he was beaten by correctional officers while restrained by Defendant Rodney Smith and other correctional officers on May 29, 2007, in the identification, or ID, shower area following Plaintiff's orientation at VSP. (Doc. 64, ¶¶ 9-14).

According to Plaintiff Heng's deposition testimony, Plaintiff Heng was taken to the identification area at VSP upon his arrival at the institution on May 29, 2007, so that his property could be inventoried.  Plaintiff Heng perceived that certain officers, other than Defendant Smith,

were laughing at and making fun of him.  Plaintiff Heng was later instructed by Officer Ratliff to

enter the shower area, wherein Heng and Ratliff engaged in a physical altercation.  Defendant Smith

observed Plaintiff throw papers at Officer Ratliff, and Defendant Smith then entered the shower

area, along with other officers, to help contain the situation.  Plaintiff contends that certain officers

beat him in the shower area, both prior to and after he was placed in handcuffs.  (Doc. 135, pp. 35-

68).

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."  Fed.R.Civ.P.  56(a).

> A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the
> motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce
> admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine

issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark

v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of the record, including pleadings, discovery materials, and affidavits, which it believes

demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  "If a party

fails to properly support an assertion of fact or fails to properly address another party's assertion of

fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

### *Discussion*

In his Motion for Summary Judgment, Defendant Smith contends that Plaintiff Heng's allegations do not establish a constitutional violation, inasmuch as the force used by Smith was not malicious and sadistic, or used for the purpose of causing harm. Defendant Smith further asserts that Plaintiff's allegations that Smith used excessive force against him are based only on speculation and cannot defeat Smith's properly supported Motion for Summary Judgment.

The Court notes that Defendant Smith maintains that Plaintiff's Heng's response to the summary judgment motion fails to satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56. (Doc. 149). However, the Court finds that the combination of Plaintiff Heng's responses to the summary judgment motion satisfies the basic requirements of the rules governing summary judgment procedure. (Docs. 144, 144-1, 146).

Specifically, Local Rule 56 requires the respondent to a motion for summary judgment to attach a "separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts." L.R. 56. Plaintiff Heng has satisfied the procedural requirements of this rule by filing a separate statement of material facts to which he contends genuine issues remain, and responding to each of Defendant Smith's numbered statements with references to Heng's deposition testimony. (Doc. 146). To the extent that the substance of Plaintiff Heng's responses to Defendant Smith's summary judgment showing may be found lacking, the Court will consider any such deficiencies in reviewing the merits of the summary judgment

arguments.

Moreover, the Court notes that pursuant to Rule 56(c)(4), affidavits or declarations may be used to support or attack a summary judgment motion, if "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Plaintiff Heng has attached such a declaration to his response to the summary judgment motion. (Doc. 144-1). Additionally, under Rule 56(c)(3), the Court "may consider other materials in the record" in ruling on a summary judgment motion, thereby allowing the Court's consideration of Plaintiff's Heng's entire deposition testimony in ruling on the summary judgment motion. The Court therefore finds that the materials presented by the parties provide a sufficiently developed record for the adjudication of Defendant Smith's summary judgment motion, especially when considering that facts and reasonable inferences must be construed in favor of the non-moving party. *Wright v. Arizona Chemical Co., et al.,*, 2010 WL 797212 (M.D.Ga.) (HL) (local rule did not prohibit respondent from filing his own statement of disputed facts, and such statement need not be struck, as spirit of law of summary judgment required Court to construe facts in favor of the respondent); *Bryan v. Stone*, 2011 WL 589999 (S.D.Ga.) (absence of separate statement of material facts did not prevent consideration of summary judgment motion).

Defendant Smith asserts that he is entitled to the defense of qualified immunity. "Under the qualified immunity standard recently rearticulated by the Supreme Court in *Pearson v. Callahan*, [555] U.S. [223], 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), we are obliged to grant qualified immunity to a [defendant] officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009).

4

A defense of qualified immunity is generally unavailable in cases involving excessive force because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir.  2002)(citing *Hudson v. McMillian*, 503 U.S. 1 (1992))*; see also Fennel v. Gilstap*, 559 F.3d 1212, 1216-17 (11th Cir.  2009) ("For claims of excessive force in violation of the Eighth or Fourteenth Amendments, however, a plaintiff can overcome a defense of qualified immunity by showing only the first prong, that his Eighth or Fourteenth amendment rights have been violated.").  Thus, the key inquiry in this case is whether there is a genuine issue of material fact as to whether Defendant Smith's use of force on Plaintiff Heng rose to a constitutional violation.  The Court finds that based on the allegations of excessive force as set forth by Plaintiff Heng, Defendant Smith is not entitled to qualified immunity. "There is simply no room for a qualified immunity defense when the plaintiff alleges [excessive force in violation of the Eighth Amendment]".  *Skrtich*, 280 F.3d at 1301.  Although Defendant Smith moved for summary judgment based solely on his asserted entitlement to qualified immunity, and thus, based on the aforementioned analysis, such motion is due to be denied,  the Court will nevertheless undertake a review of Plaintiff's underlying claims of excessive force.

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 5.  "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship

5

between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.  In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

"To establish a claim for excessive force, the Plaintiff must show that (1) the Defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted." *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).  The Supreme Court has recently clarified that "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7).  Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

In arguing that he is entitled to the entry of summary judgment in regard to the Plaintiff's claims of excessive force by Defendant Smith, the Defendant has submitted his affidavit and relies on the Plaintiff's deposition testimony.  In his affidavit, Defendant Smith testifies that he was in the

6

ID area of VSP when he first saw Plaintiff Heng, and was standing by a counter across from a

shower.  (Doc. 127-2, ¶ 4).  Smith saw Officer Ratliff exit the shower and saw Plaintiff Heng throw

something at Ratliff, which Smith later learned were Plaintiff Heng's orientation papers.  *Id.*  Smith

observed Officer Ratliff turn and reenter the shower area.  *Id.* at ¶ 5.  Smith followed Ratliff into the

shower and witnessed Plaintiff Heng and Ratliff "tussling" with each other.  Smith testifies that he

then:

> proceeded to assist Officer Ratliff with restraining Plaintiff Pip Heng.  I
> placed my left hand on Plaintiff Pip Heng's left wrist and placed my
> right forearm on his upper left arm as Officer Ratliff forced Plaintiff Pip
> Heng to the floor.  Once Officer Ratliff was able to secure Plaintiff Pip
> Heng on the floor and maintain control over his person, I applied
> handcuffs.  Officer Ratliff and I then assisted Plaintiff Pip Heng to his
> feet.  Plaintiff Pip Heng was then immediately walked to the medical
> unit to be examined.  I had no further involvement with Plaintiff Pip
> Heng on May 29, 2007.
>
> . . .
>
> At no time did I jump on, punch, kick, or in anyway [sic] physically
> abuse Plaintiff Pip Heng.  At all times, I used only the minimum amount
> of force necessary to assist Officer Ratliff secure Plaintiff Pip Heng in
> handcuffs.  My actions were not done in a malicious manner or in an
> attempt to harm Plaintiff Pip Heng.  My actions were done in an attempt
> to safely secure Plaintiff Pip Heng, who, at the time I first saw him, was
> engaged in a physical altercation with Officer Ratliff.

> *Id.* at ¶¶ 5, 8.

Defendant Smith asserts that the undisputed facts show that Plaintiff's altercation with Officer

Ratliff provided the need for the use of force and that Defendant Smith used the minimum amount of

force necessary to place Plaintiff Heng in handcuffs.  Defendant Smith further asserts that he did

not use any further force against Plaintiff Heng after Heng was placed in handcuffs.

In response to Defendant Smith's Motion for Summary Judgment, Plaintiff Heng has filed a

7

general response to Defendants' three (3) motions for summary judgment (which makes no specific mention of Defendant Smith or the claim against him), a statement of "Operative facts and attached declaration", and a Response to Defendant Smith's Statement of Undisputed Material Facts.  (Docs. 144, 144-1, 146).  The Court  notes that Plaintiff Heng's "Operative facts and attached declaration" appears to be a restatement of Plaintiff's Heng's claim against Defendant Smith contained in Plaintiff's Amended Complaint, with an attached  copy of Plaintiff Heng's September 2007 Witness Statement regarding the events of May 29, 2007.  (Doc. 144-1).

In his Response to Defendant Smith's Statement of Undisputed Material Facts, Plaintiff Heng either admits or denies each statement, and if denied, Plaintiff Heng quotes certain portions of his deposition testimony, without further explanation.  (Doc. 146).  In the quoted deposition testimony, Plaintiff Heng testifies that after Officer Ratliff called him back into the shower area, he told Plaintiff he had an attitude and slapped him, and as set out by the Plaintiff,

> [t]hat's when all the other CERT team members came in there. . . I got mad . . . threw a paper at Ratliff and I swung at him twice, and that's when they had rushed me.  I believe it was [Powers] that had got me in the handcuffs. . . [Powers] started hitting me in the back of my head while I was in handcuffs, and that's when they all started just jumping on me    . . . I believe it was Cannon; Cannon, Brown; then I noticed Smith was there because I remember him having the hair . . .

(Doc. 135, Heng deposition p. 57,  ll. 17-25; p. 58,  ll. 2-10; p. p. 64, ll. 8-10).


In his deposition testimony, Plaintiff Heng disputes Defendant Smith's testimony , including the testimony that Smith placed handcuffs on Plaintiff Heng.  *Id.* at p. 58, ll.  4-5; p. 74, ll.  19-21. Heng points to additional testimony in which he states that Smith was present when Heng was escorted out of the shower, and that all of the officers identified as being present beat, kicked, and

stomped the Plaintiff after he was handcuffed.  (Doc. 146, ¶¶ 16, 18, 19).  In his September 30, 2007

Witness Statement, signed by Plaintiff Heng under penalty of perjury, Heng states that Defendant

Smith was a CERT team member present during the altercation in the ID shower area on May 29,

2007, and that all CERT team members who were present participated in beating Heng prior to and

after the placement of handcuffs.  (Doc. 144-1, pp. 3-7).  In his deposition testimony, Heng states

that he received injuries from the use of force in the form of swollen eyes, a busted lip, knots on the

head and forehead, a mark on his neck and a collapsed lung.  (Doc. 135, Heng deposition p. 222,  ll.

18-22, p. 223,  ll.  1-6).

     The Plaintiff describes uses of force administered prior to and after the placement of

handcuffs.  The first use of force was apparently limited to a blow or slap to Plaintiff's head

delivered by Officer Ratliff.   *Id.* at p. 62, ll.  15-25.  The Court notes that Plaintiff does not allege

that Defendant Smith was involved in this initial use of force that precipitated the handcuffing.

Another use of force allegedly took place when the CERT team officers, including Officer Smith,

entered the shower area and beat the Plaintiff prior to and during handcuffing him.  *Id.* at pp. 65-75.

After the handcuffing, Plaintiff Heng alleges that the CERT team officers, including Officer Smith,

continued to beat him, although Heng offered no further resistance to the officers.  *Id.* at pp. 75-90,

93-94.

     Viewing the facts and reasonable inferences in the light most favorable to Plaintiff Heng as

the nonmoving party, Defendant Smith is not entitled to summary judgment on Heng's claim that

Smith used excessive force against him.  Although Defendant Smith testifies in his affidavit that he

did not use any unreasonable force against Plaintiff Heng (Doc. 127-2, ¶¶ 8, 9), Plaintiff Heng's

version of events directly contradicts Smith's version.  "[W]e are simply left with different stories

told by different litigants [as to the use of force] . . . [and] the evaluation of [such] evidence is a

matter for juries." *Logan v. Smith*, 2011 WL 3821222, *4 (11ᵗʰ Cir.).  Plaintiff Heng's deposition testimony establishes that Defendant Smith participated in the continued beating of the Plaintiff, immediately prior to and after Plaintiff was handcuffed.  According to Plaintiff Heng's deposition testimony, Smith and the other officers kicked and punched Plaintiff Heng, during and after the handcuffing, although Heng had "balled [himself] up" and offered no resistance to being handcuffed.  (Doc. 135, Heng deposition p. 70, ll.  3-6; p. 75, ll.  7-13).  Additionally, although "injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts", the Court notes that Plaintiff testified to sustaining physical injuries including a collapsed lung resulting from the beatings.  *Wilkins*, 130 S.Ct. at 1178.

Defendant Smith maintains that Plaintiff's claims against him are based only on conclusory allegations unsupported by anything more than Plaintiff's speculation, in that Plaintiff Heng at one point testifies in his deposition that he could not say for certain whether Officer Smith was one of the officers that punched and kicked him, as his back was turned to the officers and his vision was impaired.  (Doc. 135, Heng deposition p. 179,  ll. 16-25, p. 180,  ll. 1-13, p. 181,  ll. 9-12).  However, the Eleventh Circuit has made it clear that a plaintiff's inability to identify with certainty which officer actually delivered the blows in an excessive force case does not entitle the defendants to summary judgment.  *Velazquez v. City of Hialeah*, 484 F.3d 1340 (11ᵗʰ Cir. 2007).  "Were this the law [that if a prisoner did not see who beat him there would be no evidence upon which a jury might assign liability for the beating], all that police officers would have to do to use excessive force on [a prisoner] without fear of consequence would be to put a bag over the [prisoner's] head and administer the beating in silence."  *Id.* at 1342.  Moreover, in *Skrtich,* 280 F.3d 1295, the Eleventh Circuit expressly rejected the argument that "the force administered by each defendant in [a] collective beating must be analyzed separately to determine which of the defendants' blows, if any,

used excessive force." *Id.* at 1302.

According to Plaintiff Heng's version of the events at issue, Officer Smith was one of several CERT team officers in the confined area of the shower who beat Plaintiff Heng both before and after he was placed in handcuffs and had ceased resisting the officers.  "It is not constitutionally permissible for officers to administer a beating as punishment for a prisoner's past misconduct[, after the prisoner is incapacitated]." *Id.*  Although Defendant Smith's affidavit testimony challenges the Plaintiff's version of events, and claims that Defendant Smith did not use unreasonable force against the Plaintiff, the ultimate resolution of this issue depends on a credibility determination properly decided by the trier of fact.  Genuine issues of material fact remain as to the need for the use of force, the amount of force used and whether Smith acted "maliciously and sadistically" to cause harm.  Accordingly, Defendant Smith's summary judgment motion must be denied as to Plaintiff Heng's claims that Smith used excessive force against Plaintiff.

### Conclusion

Viewing the facts in the light most favorable to Plaintiff Heng, genuine issues of material fact remain as to whether Defendant Smith used unreasonable force against Plaintiff Heng, and it has not been established that Defendant Smith is entitled to qualified immunity.  Accordingly, it is the Recommendation of the undersigned that Officer Smith's Motion for Summary Judgment be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

SO RECOMMENDED, this 12th day of December, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE