IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL WALKER, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| VS. | : |
| | : 7 : 08-CV-05 (HL) |
| OFFICER RATLIFF, *et al.*, | : |
| | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this 42 U.S.C. § 1983 action is a Motion for Summary Judgment as to the claim raised by Plaintiff Michael Walker against Defendant Willie Ratliff. (Doc. 131). This Complaint was originally filed on January 8, 2008 (Doc. 1) by multiple Plaintiffs, all of whom are represented by counsel. After the Court ruled upon a series of motions to amend and motions to dismiss, Plaintiffs Heng, Askew, Walker, and Haskell (only as to his March 2008 claim), and Defendants Maine, Powers, Howell, Smith, Ratliff, Brown, Riddall, Yancey, and Schnake remain herein. (Doc. 97).

In the only claim pending against Defendant Ratliff brought by Plaintiff Michael Walker, Plaintiff Walker contends that Defendant Ratliff and other officers at Valdosta State Prison ("VSP") assaulted him without provocation on May 14, 2007, and continued to beat the Plaintiff after he was placed in handcuffs. (Doc. 64, ¶¶ 24-30). Defendant Ratliff and the other officers maintain that Plaintiff Walker instigated the confrontation by striking an officer in the face. Plaintiff Walker was subsequently charged and convicted of two counts of felony obstruction of a correctional officer in the Lowndes County Superior Court based on Plaintiff Walker's actions on May 14, 2007. (Doc. 131-6).

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

*Discussion*

In his Motion for Summary Judgment, Defendant Ratliff contends that Plaintiff Walker's claim is barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), and has

supported his motion with a Statement of Undisputed Facts and documents regarding the Plaintiff's underlying criminal charges and convictions for obstruction of a correctional officer. (Doc. 131).

The Supreme Court has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. As Defendant Ratliff points out, Plaintiff Walker has failed to show that his conviction on obstruction charges has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

Plaintiff Walker was found guilty following a jury trial on two counts of obstruction of a correctional officer, charged under O.C.G.A. § 16-10-24(b) as follows:

> Obstruction of Correctional Officer, for that the said accused, on or about the 14th day of May, 2007 in the County aforesaid, did then and there unlawfully, knowingly, willfully, and intentionally resist, obstruct and oppose [Lt. Sherman Maine and Officer Willie Ratliff] correctional officer[s] in the lawful discharge of [their] official duties by doing violence to the person of such officer in the following manner, to-wit: by striking said officer[s] [Lt. Sherman Maine and Officer Willie Ratliff] in the face with a closed fist, . . .

(Doc. 131-5).

Section 16-10-24(b) of the Official Code of Georgia Annotated provides that:

> Whoever knowingly and willfully resists, obstructs, or opposes any . . . correctional officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony.

In the Amended Complaint, Plaintiff Walker claims that the attack by correctional officers was unprovoked and that force was used against him for no reason. (Doc. 64, ¶¶ 24-30; Doc. 144-3).

These allegations directly contradict Plaintiff Walker's obstruction conviction, and if Plaintiff's allegations of unlawful use of force are established, Plaintiff will have negated the facts supporting his obstruction convictions.  *See Hayward v. Kile*, 2009 WL 2045939 (S.D.Ga.) (if plaintiff proved use of force by officers was unlawful his conviction for obstruction under Georgia law would be invalidated); *Walker v. Munsell*, 281 Fed.Appx. 388, 390 (5th Cir. 2008) (plaintiff's suit alleging that he did not resist arrest and was attacked by officers for no reason squarely challenged the factual determination underlying his conviction for resisting arrest and thus was barred by *Heck*).  If Plaintiff Walker was successful in establishing that the use of force by Officer Ratliff and others was unlawful, he would necessarily negate that element of the crime of obstruction whereby law enforcement officers were engaged in the "lawful discharge of their duties".  Inasmuch as a plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence", and Plaintiff Walker has not established or indicated that his sentence has been invalidated, this suit brought pursuant to § 1983 is barred by *Heck*.  *Heck,* 512 U.S. at 487.

The Court notes that this is not a case in which the Plaintiff might establish the unlawfulness of the Defendant's actions and yet not invalidate his conviction for obstruction.  In *Dyer v. Lee*, 488 F. 3d 876 (11th Cir. 2007), a case relied upon by Plaintiff Walker, the Eleventh Circuit found that *Heck* did not prohibit the plaintiff's excessive force action, as plaintiff's conviction for resisting arrest would not necessarily be invalidated by the establishment of the officers' excessive use of force.  However, in *Dyer*, the plaintiff had been convicted of resisting arrest under Florida law, which did not require that the arrest had been lawful.  *Id.* at  879.  Accordingly, the establishment of excessive use of force would not have invalidated the plaintiff's resisting arrest conviction in *Dyer*.  The Georgia obstruction statute, in contrast, does not provide for a conviction unless the officer was

"in the lawful discharge of his official duties".  O.C.G.A. § 16-10-24(b).

*Conclusion*

Inasmuch as Plaintiff Walker's § 1983 claim for excessive force against Defendant Ratliff is barred by *Heck,* it is the recommendation of the undersigned that Officer Ratliff's Motion for Summary Judgment be **GRANTED**.  The Court notes that the dismissal of Plaintiff Walker's claim against Defendant Ratliff as *Heck*-barred is without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of December, 2011.

s/  **THOMAS Q. LANGSTAFF**

UNITED STATES MAGISTRATE JUDGE