IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

PIP HENG, *et al.*,                              :
                                                 :
       Plaintiffs,                          :
                                                 :
VS.                                              :
                                                 :  7 : 08-CV-05 (HL)
Lt. SHERMAN MAINE, *et al.*,                     :
                                                 :
       Defendants.                          :

**RECOMMENDATION**

Presently pending in this 42 U.S.C. § 1983 action is a Motion for Summary Judgment regarding certain claims against certain Defendants. (Doc. 133). This Complaint was originally filed on January 8, 2008 (Doc. 1) by multiple Plaintiffs, all of whom are represented by counsel. After the Court ruled upon a series of motions to amend and motions to dismiss, Plaintiffs Heng, Askew, Walker, and Haskell (only as to his March 2008 claim), and Defendants Maine, Powers, Howell, Smith, Ratliff, Brown, Ridall, Yancey, and Schnake remain herein. (Doc. 97).

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

The Court notes that the Defendants maintain that Plaintiffs' response to the summary judgment motion fails to satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56. (Doc. 150). However, the Court finds that the combination of Plaintiffs' responses to the summary judgment motion satisfies the basic requirements of the rules governing summary judgment procedure. (Docs. 144, 145).

Specifically, Local Rule 56 requires the respondent to a motion for summary judgment to attach a "separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts." L.R. 56. Plaintiffs have satisfied the procedural requirements of this rule by filing a separate statement of material facts to which they contend genuine issues remain, and responding to each of the Defendants' numbered statements with references to Plaintiffs' deposition testimony. (Doc. 145). To the extent that the substance of Plaintiffs'

responses to the Defendants' summary judgment showing may be found lacking, the Court will consider any such deficiencies in reviewing the merits of the summary judgment arguments.

Moreover, the Court notes that pursuant to Rule 56(c)(4), affidavits or declarations may be used to support or attack a summary judgment motion, if "made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated." Plaintiffs have attached such declarations to their response to the summary judgment motion. (Docs. 144-1 through 144-12). The Court therefore finds that the materials presented by the parties provide a sufficiently developed record for the adjudication of the Defendants' summary judgment motion, especially when considering that facts and reasonable inferences must be construed in favor of the non-moving party. *Wright v. Arizona Chemical Co., et al.,*, 2010 WL 797212 (M.D.Ga.) (HL) (local rule did not prohibit respondent from filing his own statement of disputed facts, and such statement need not be struck, as spirit of law of summary judgment required Court to construe facts in favor of the respondent); *Bryan v. Stone*, 2011 WL 589999 (S.D.Ga.) (absence of separate statement of material facts did not prevent consideration of summary judgment motion).

## *Discussion*

### *Plaintiff Haskell*

In his only remaining claim herein, Plaintiff Haskell contends that Defendant Ridall used excessive force against him on March 5, 2008, while Plaintiff Haskell was housed at Valdosta State Prison ("VSP"). Plaintiff Haskell maintains that on March 5, 2008, he returned to his cell and found his store purchases stolen. (Doc. 64, ¶ 32). Defendant Ridall was called to the building, and according to Plaintiff Haskell, Ridall accused Haskell of causing trouble, handcuffed Haskell and escorted Plaintiff Haskell from the building. Haskell maintains that he was "knocked down to the

ground by Lt. Ridall and he sat on Plaintiff and began to slam his head into the sidewalk causing injuries to his forehead. Lt. Ridall then picked Plaintiff Haskell up by the handcuff chain and transferred him to segregation where he was later examined by a nurse." *Id.*[1]

In his deposition testimony, Plaintiff Haskell describes the alleged beating by the Defendants after Plaintiff Haskell was taken out of G-building, as well as his alleged injuries. Plaintiff Haskell testifies that after handcuffing Plaintiff and removing him from G-building, Defendant Ridall wrestled Plaintiff to the ground, pushed him onto the sidewalk, "stomped" on Plaintiff for a five to ten minute period, and placed his boot on Plaintiff's back. As a result of this force, Plaintiff claims to have suffered cuts and bruises on his lip, chin, cheek, legs and arms that caused bleeding onto his shirt and pants. (Doc. 137-1, Haskell depo. pp. 47-55). Plaintiff Haskell testifies that as a result of the beating, he had difficulty walking to segregation as directed. *Id.* at pp. 58-59.

Defendant Ridall maintains, based on a video recording of a portion of the events involving Plaintiff Haskell on March 5, 2008, that Plaintiff Haskell's version of events is in direct conflict with the physical evidence and must be rejected. Based on this direct conflict, Defendant Ridall asserts that he is entitled to the entry of summary judgment.

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). "[W]henever prison officials stand accused of using

---

[1] As noted by the Defendants, this is the only claim raised by Plaintiff Haskell in the Amended Complaint which has been allowed to proceed. (Doc. 64). Although in their motions and responses, Plaintiff Haskell and the Defendants address events that allegedly occurred after Plaintiff Haskell was taken to a segregation unit, any claims regarding use of force during the time period after Plaintiff Haskell's escort to segregation are not properly before the Court, as Plaintiff did not raise these claims in the Original or Amended Complaints.

excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5).

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

"To establish a claim for excessive force, the Plaintiff must show that (1) the Defendants acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted." *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). The Supreme Court has recently clarified that "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (quoting *Hudson*, 503 U.S. at 7). Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force could plausibly

have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When there are opposing versions of the facts, and one version is 'blatantly contradicted by the record,' a court should not consider the contradicted version in deciding a motion for summary judgment." *Brown v. Passmore*, 2011 WL 4348330, *2 (11th Cir.) (quoting *Scott*, 550 U.S. at 380). Plaintiff Haskell has not raised a challenge to the accuracy of the video recording presented by the Defendants, and in fact does not present any specific argument in his Brief against the Defendants' assertion that no excessive force was used against Haskell. (Doc. 144).

While the Defendants have presented video evidence regarding a portion of the events underlying Plaintiff Haskell's claim, this video evidence is not definitive of all aspects of Plaintiff Haskell's claim. *Skelly v. Okaloosa County Bd. of County Comm'rs.*, 415 Fed.Appx. 153, 155 (11th Cir. 2011). The video recording does not clearly and unequivocally establish that no excessive use of force took place prior to the beginning of the recording, which is the time period at issue in Plaintiff Haskell's claim herein. Defendants admit in their Statement of Material Facts that a video camera was not called for until after Plaintiff Haskell had been removed from G-building and Plaintiff Haskell began resisting the escort. That is, not all of the incident, as described by the Plaintiff, was recorded. (Doc. 133-2, ¶¶ 58-60). "Because there is no objective evidence that 'blatantly' contradicts [the Plaintiff's] version [of the facts], the district court . . . [must] view[] the facts in the light most favorable to [the Plaintiff], the non-moving party." *Brown*, 2011 WL 4348330, at *3. [Only] "to the extent that [Plaintiff Haskell's] version of the facts is clearly contradicted by the video[], such that no reasonable jury could believe it, [should the court] . . . not

6

adopt his factual allegations." *Beshers v. Harrison*, 495 F.3d 1260, 1262 n.1 (11th Cir. 2007).

According to Plaintiff Haskell's version of the facts which are not clearly contradicted by the video evidence, Defendant Ridall handcuffed him, escorted him out of one prison building, and prior to escorting Plaintiff to another building, beat him without provocation or reason. (Doc. 64, ¶ 32). Under this set of facts, the Court cannot say that there are no genuine issues of material fact as to whether Defendant Ridall used excessive force against Plaintiff Haskell in removing Plaintiff from G-building and immediately thereafter. Although Defendant Ridall asserts that the video recording directly refutes Plaintiff's allegations of profuse bleeding and difficulty ambulating, the quality of the recording prevents the Court from finding that the recording unequivocally rules out that some amount of bleeding and difficulty walking were experienced by the Plaintiff.

Moreover, these elements of Plaintiff Haskell's excessive force claim, while important, are not dispositive of the overall issue of whether excessive force was used against Plaintiff Haskell during the time period in question. The "core judicial inquiry" remains "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 130 S.Ct. at 1178. Genuine issues of material fact remain as to this inquiry regarding Plaintiff Haskell's claim against Defendant Ridall, preventing the grant of summary judgment for Defendant Ridall.

*Plaintiff Walker*

Plaintiff Walker contends that Defendants Maine, Howell, and Brown assaulted him without provocation at VSP on May 14, 2007, and continued to beat the Plaintiff after he was placed in handcuffs. (Doc. 64, ¶¶ 24-30). Defendants maintain that Plaintiff Walker instigated the confrontation by striking an officer in the face. Plaintiff Walker was subsequently charged and convicted of two counts of felony obstruction of a correctional officer in the Lowndes County

Superior Court based on Plaintiff Walker's actions on May 14, 2007.  (Doc. 133-20).

The Defendants contend that Plaintiff Walker's claims against Defendants Maine, Howell, and Brown are barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), and have supported their motion with a Statement of Material Facts and documents regarding the Plaintiff's underlying criminal charges and convictions for obstruction of a correctional officer. (Docs. 133-02, 133-20, 133-21).

The Supreme Court has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* , 512 U.S. at 487.  As Defendants point out, Plaintiff Walker has failed to show that his conviction on obstruction charges has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

Plaintiff Walker was found guilty following a jury trial on two counts of obstruction of a correctional officer, charged under O.C.G.A. § 16-10-24(b) as follows:

> Obstruction of Correctional Officer, for that the said accused, on or about the 14th day of May, 2007 in the County aforesaid, did then and there unlawfully, knowingly, willfully, and intentionally resist, obstruct and oppose [Lt. Sherman Maine and Officer Willie Ratliff] correctional officer[s] in the lawful discharge of [their] official duties by doing violence to the person of such officer in the following manner, to-wit: by striking said officer[s] [Lt. Sherman Maine and Officer Willie Ratliff] in the face with a closed fist, . . .

(Doc. 133-20).

Section 16-10-24(b) of the Official Code of Georgia Annotated provides that:

Case 7:08-cv-00005-HL   Document 155   Filed 12/12/11   Page 9 of 15

> Whoever knowingly and willfully resists, obstructs, or opposes any . . . correctional officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony.

In the Amended Complaint, Plaintiff Walker claims that the attack by correctional officers was unprovoked and that force was used against him for no reason. (Doc. 64). These allegations directly contradict Plaintiff Walker's obstruction conviction, and if Plaintiff's allegations of unlawful use of force are established, Plaintiff will have negated the facts supporting his obstruction convictions. *See Hayward v. Kile*, 2009 WL 2045939 (S.D.Ga.) (if plaintiff proved use of force by officers was unlawful his conviction for obstruction under Georgia law would be invalidated); *Walker v. Munsell*, 281 Fed.Appx. 388, 390 (5th Cir. 2008) (plaintiff's suit alleging that he did not resist arrest and was attacked by officers for no reason squarely challenged the factual determination underlying his conviction for resisting arrest and thus was barred by *Heck*). If Plaintiff Walker was successful in establishing that the use of force by Defendants was unlawful, he would necessarily negate that element of the crime of obstruction whereby law enforcement officers were engaged in the "lawful discharge of their duties". Inasmuch as a plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence", and Plaintiff Walker has not established or indicated that his sentence has been invalidated, this suit brought pursuant to § 1983 is barred by *Heck*. *Heck,* 512 U.S. at 487.

The Court notes that this is not a case in which the Plaintiff might establish the unlawfulness of the Defendants' actions and yet not invalidate his conviction for obstruction. In *Dyer v. Lee*, 488 F. 3d 876 (11th Cir. 2007), a case relied upon by Plaintiff Walker, the Eleventh Circuit found that *Heck* did not prohibit the plaintiff's excessive force action, as plaintiff's conviction for resisting arrest would not necessarily be invalidated by the establishment of the officers' excessive use of

9

force. However, in *Dyer*, the plaintiff had been convicted of resisting arrest under Florida law, which did not require that the arrest had been lawful. *Id.* at 879. Accordingly, the establishment of excessive use of force would not have invalidated the plaintiff's resisting arrest conviction in *Dyer*. The Georgia obstruction statute, in contrast, does not provide for a conviction unless the officer was "in the lawful discharge of his official duties". O.C.G.A. § 16-10-24(b). Inasmuch as Plaintiff Walker's § 1983 claims for excessive force against Defendants Maine, Howell, and Brown are barred by *Heck,* such claims fail herein.

*Plaintiffs Heng and Askew's claims against Defendant Maine*

In the Amended Complaint, Plaintiffs Heng and Askew assert that Defendant Maine, as supervisor of the CERT team at VSP, was "deliberately indifferent to the pattern and practice of beatings of restrained inmates at Valdosta State Prison", in condoning the execution of summary punishment by the CERT team officers. (Doc. 64, ¶¶ 2, 11, 15). Defendant Maine has filed a Motion for Summary Judgment, asserting that Plaintiffs Heng and Askew cannot establish Maine's liability as a supervisor. (Doc. 133-1). Defendant Maine has supported his Motion for Summary Judgment with his affidavit, a Statement of Material Facts as to which he claims there is no dispute, and the pleadings on file. (Docs. 133-2, 133-22).

To state a supervisory claim, a plaintiff must show the existence of a causal connection between the actions of the supervisor and the alleged constitutional deprivation by establishing: 1) a history of widespread abuse which put the supervisor on notice of the need to correct the alleged deprivation which he failed to correct, or 2) that the supervisor had a custom or policy that resulted in deliberate indifference to constitutional rights, or 3) facts which support an inference that the supervisor directed other defendants to act unlawfully or knew that other defendants would act unlawfully, and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.

2003).

"Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. . . . The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so". *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (internal citations omitted).

In response to Defendant Maine's Motion for Summary Judgment, Plaintiffs Heng and Askew point to their own declarations as well as the declarations from other inmates, and argue that these declarations demonstrate a pattern and practice of beating restrained inmates at VSP. (Doc. 144). Although Plaintiffs Heng and Askew do not refer to Defendant Maine specifically in responding to the summary judgment motion, Plaintiffs Heng and Askew maintain that the pattern and practice of beating inmates at VSP by CERT team officers establishes a history of widespread abuse which put supervisors on notice of the need to correct the deprivation. *Id.*

In his affidavit testimony, Defendant Maine establishes that he was the Supervisor of the CERT team at VSP at the time of the alleged incidents of excessive force against Plaintiffs Heng and Askew. (Doc. 133-22, ¶ 4). As CERT Supervisor, Defendant Maine supervised the activities of the CERT team and participated in daily activities as a CERT team member. *Id.* at ¶ 10. In regard to use of force incidents at VSP, Defendant Maine testifies that he reviewed every use of force incident report involving a CERT team officer and "did not see a significant change in the number of incidents involving use of force" during the relevant time period, and did not review any incidents involving an amount of force which violated the Georgia Department of Corrections Standard Operating Procedures. *Id.* at ¶¶ 21, 22.

In regard to the incidents involving Plaintiffs Heng and Askew on May 29, 2007 and March 12, 2007 respectively, Defendant Maine testifies in his affidavit that "[a]t no time prior to these dates was I advised that adverse action had been taken against [Defendant CERT team members] for using force on an inmate in violation of an SOP for an incident that occurred before or during the period when I was CERT Supervisor." *Id.* at ¶ 29.  Citing statistics of incident reports and grievances involving use of force, Defendant Maine states that he had no indication of a "systemic problem involving the use of force by CERT officers or corrections officers at the prison." *Id.* at ¶ 32.  In addition to Defendant Maine's testimony that "[a]t no time as CERT Supervisor did I witness a CERT officer use force against an inmate in violation of [Georgia Department of Corrections'] SOP and turn a blind eye", Defendant Maine states that he had no knowledge of any Internal Investigations or Georgia Department of Corrections' audits that revealed a pattern or practice of use of force by CERT team members at VSP.  *Id.* at ¶¶ 33, 35, 37.

Plaintiffs Heng and Askew do not directly refute Defendant Maine's testimony, but rather state in their Response to Defendants' Statement of Material Facts not in dispute that "information is not in the Declaration or Deposition of Mr. Walker", or that the information as to which Defendant Maine testifies is "unknown".  (Doc. 145, ¶¶ 175-246).  In their witness statements submitted in response to Defendants' summary judgment motion, Plaintiffs Heng and Askew make no specific allegations against Defendant Maine.  (Docs. 144-1, 144-2).

As noted in previous orders, the Court recognizes that these Plaintiffs are not proceeding *pro se*, but are instead represented by counsel, and consequently are not entitled to have their complaint liberally construed.  *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).  Viewing all facts and reasonable inferences in favor of the Plaintiffs as the nonmoving parties, the Plaintiffs have failed to establish Defendant Maine's supervisory liability.  Plaintiffs have failed to overcome

Defendant Maine's summary judgment showing that he had no knowledge of any widespread abuse by CERT team officers within VSP prior to the alleged incidents involving the Plaintiffs, and that no such history of widespread abuse was present at VSP during the time period in question.

Plaintiffs Heng and Askew have failed to point to any set of established incidents of unreasonable use of force at VSP that would have put Defendant Maine on notice of the presence of abuse and the need to take action to correct said abuse. *See Btesh v. City of Maitland, Fla.*, 2011 WL 3269647 (M.D.Fla.) (Plaintiff failed to produce evidence of prior violations of constitutional rights that would have put supervisor on notice of widespread pattern of abuse, entitling supervisory defendant to judgment). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 670.

The Plaintiffs have not produced any evidence of a pattern and practice of beating restrained inmates at VSP by CERT team members as alleged. The witness statements to which Plaintiffs refer in their response to Defendant Maine's summary judgment motion do not establish notice to Defendant Maine of a pattern of beatings of restrained prisoners by the CERT team. As the Defendants point out, the declarations reflect alleged beatings of unrestrained prisoners, alleged beatings by correctional officers outside of Defendant Maine's supervisory authority, and alleged beatings as to which there is no indication Defendant Maine had knowledge. (Docs. 144-1 through 144-12). "[T]he reiteration of isolated, unsupported allegations does not constitute a widespread history of the alleged constitutional deprivations recognized by section 1983 as a causal connection constituting notice." *Brown*, 906 F.2d at 672. As Plaintiffs have failed to produce anything more than "isolated, unsupported allegations" of abuse, they have failed to establish a widespread pattern sufficient to provide notice to Defendant Maine. Accordingly, Plaintiffs have failed to establish the

requisite causal connection between the alleged events and Defendant Maine's role as a supervisor.

*Conclusion*

Based on the foregoing analysis, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED** regarding Plaintiff Walker's claims against Defendants Maine, Howell, and Brown, and **GRANTED** regarding Plaintiffs Heng and Askew's claims against Defendant Maine.  It is further recommended that Defendants' Motion for Summary Judgment be **DENIED** in regard to Plaintiff Haskell's claim against Defendant Ridall.  The Court notes that the dismissal of Plaintiff Walker's claims against Defendants Maine, Howell, and Brown as *Heck*-barred is without prejudice.

Should these recommendations be adopted, as well as the additional Recommendations issued in this case today, it appears that the following parties and claims would remain pending:

> Plaintiff Heng's claims regarding excessive force against Defendants Powers, Howell, Brown, Yancey, Smith, and Ratliff
>
> Plaintiff Askew's claims regarding excessive force against Defendants Powers, Howell, Brown, Yancey, and Schnake
>
> Plaintiff Haskell's March 2008 claim of excessive force against Defendant Ridall

Defendant Powers has filed a Notice of Bankruptcy and the Court has issued an Order staying the case as to Defendant Powers.  (Docs. 151, 152).  Defendant Powers and the claims against him thus remain pending herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of December, 2011.

                                      s/  **_THOMAS Q. LANGSTAFF_**

                                      UNITED STATES MAGISTRATE JUDGE