IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIP HENG,<br>RONNY N. ASKEW,<br>MICHAEL A. WALKER, and<br>GEORGE C. HASKELL JR.,<br><br>    Plaintiffs,<br><br>v.<br><br>LIEUTENANT SHERMAN MAINE,<br>OFFICER JAMIE POWERS,<br>OFFICER JESSE HOWELL,<br>OFFICER TERRY BROWN,<br>OFFICER ANDRE YANCEY,<br>OFFICER JOSEPH SCHNAKE,<br>OFFICER RODNEY SMITH,<br>OFFICER WILLIE RATLIFF, and<br>LIEUTENANT DOUGLASS RIDALL,<br><br>    Defendants. | Civil Action 7:08-CV-5 (HL) |

## ORDER

This case is before the Court on a number of motions and recommendations. The Court will address each one separately below.

**I. Defendant Rodney Smith's Motion for Summary Judgment (Doc. 127)/Recommendation of Magistrate Judge Langstaff (Doc. 153)**

Magistrate Judge Thomas Q. Langstaff has recommended that the Motion for Summary Judgment (Doc. 127) filed by Defendant Rodney Smith be denied. Plaintiff Heng contends that Defendant Smith used excessive force against him in violation of his Eighth Amendment Rights. Defendant Smith has filed an objection to the

Recommendation. The Court has made a *de novo* review of the Recommendation. The only objection that merits further discussion relates to qualified immunity.

The Court does not read the Recommendation to mean that qualified immunity was denied to Defendant Smith because qualified immunity is never available in an excessive force case, which is what Defendant Smith argues in his objection. The Court reads the Recommendation to mean that qualified immunity is not available under the facts of this particular case, and the Court agrees.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, --- U.S. ---, 131 S.Ct. 2074, 2080 (2011) (internal quotation marks omitted). The court may address these prongs in either order. Id.

The Eighth Amendment governs prison officials' use of force against inmates and prohibits the infliction of cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078 (1986). In determining whether a prison official's use of force was excessive, the court must examine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 S. 1, 7, 112 S.Ct. 995 (1992). Relevant factors include "the need for the application of force, the relationship between the

need and the amount of force that was used, and the extent of injury inflicted." Whitley, 475 U.S. at 321 (internal quotation marks omitted).

To overcome a qualified immunity defense at summary judgment, the evidence, when viewed in the light most favorable to the plaintiff, must "make out a violation of a constitutional right," and "the right at issue [must have been] 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808 (2009). The use of force maliciously and sadistically to cause harm has been clearly established to be a violation of the Constitution. *See* Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002). Thus, the question is whether Plaintiff Heng showed a violation of his Eighth Amendment rights. As detailed in Judge Langstaff's Recommendation, viewing the facts in the light most favorable to Plaintiff Heng, there is a question of fact as to whether Defendant Smith violated Plaintiff's constitutional rights. This means that Defendant Smith is not entitled to qualified immunity on the excessive force claim at the summary judgment stage of the case. Thus, Defendant Smith's objection is overruled.[1]

---

[1] While Plaintiffs included the Recommendation filed at Document 153 in their omnibus objection to the Recommendations, the Court assumes inclusion of Document 153 was in error as Judge Langstaff found in favor of Plaintiff Heng in that Recommendation.

## II. Defendant Willie Ratliff's Motion for Summary Judgment (Doc. 131)/Recommendations of Magistrate Judge Langstaff (Docs. 154)

Judge Langstaff has recommended that the Motion for Summary Judgment (Doc. 131) filed by Defendant Willie Ratliff as to Plaintiff Walker's claims be granted. Plaintiff Walker has filed an objection to the Recommendation. The Court has made a *de novo* review of the Recommendation.

The question before the Court is whether Plaintiff Walker's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). The United States Supreme Court held in Heck that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (emphasis in original).

Plaintiff Walker alleges that on May 14, 2007, Defendant Ratliff and others assaulted him without provocation and continued to beat him after he was placed in handcuffs. Defendant Ratliff contends Plaintiff Walker instigated the confrontation by striking an officer in the face. Plaintiff Walker was eventually convicted of two counts

of felony obstruction of a correctional officer arising out of the events on May 14, 2007.

Plaintiff Walker was convicted under O.C.G.A. § 16-10-24(b), which provides:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

O.C.G.A. § 16-10-24(b).

Judge Langstaff was correct that Plaintiff Walker's claims are barred by Heck. Allowing Plaintiff Walker to prove his version of the events of May 14, 2007 would directly undermine his conviction for obstructing a correctional officer, and are therefore Heck-barred.[2] Plaintiff Walker's objection is overruled.

**III.   Defendants Maine, Howell, Brown, Ridall, Yancey, and Schnake's Motion for Summary Judgment (Doc. 133)/Recommendation of Magistrate Judge Thomas Q. Langstaff (Doc. 155)**

Judge Langstaff has recommended that summary judgment be granted in Defendants Maine, Howell, and Brown's favor on Plaintiff Walker's claims against them. He has also recommended that summary judgment be granted in Defendant

---

[2] The Court agrees with Defendants that Plaintiffs' res judicata and collateral estoppel arguments contained in the objection are inapposite, as neither of those

Maine's favor on Plaintiff Heng's and Plaintiff Askew's claims against him. Finally, Judge Langstaff recommends that Defendant Ridall's summary judgment motion as to Plaintiff Haskell's claims be denied.

Plaintiffs have filed an objection to the two recommendations to grant summary judgment. Defendant Ridall has filed an objection to the recommendation to deny his summary judgment motion. The Court has made a *de novo* review of the Recommendation and will address each objection separately.

First, as discussed above, Plaintiff Walker's claims are barred by <u>Heck v. Humphrey</u>. Therefore, summary judgment in favor of Defendants Maine, Howell, and Brown is appropriate as to Plaintiff Walker's claims against them.

Second, the Court agrees with Judge Langstaff that summary judgment in Defendant Maine's favor is appropriate on Plaintiff Heng's and Plaintiff Askew's claims against him. Plaintiffs have in no way established any supervisory liability on the part of Defendant Maine.

This leaves Judge Langstaff's recommendation to deny summary judgment to Defendant Ridall. The remaining claim against Defendant Ridall is alleged by Plaintiff Haskell, who contends Defendant Ridall used excessive force against him on March 5, 2008 at Valdosta State Prison. In support of his summary judgment motion, Defendant Ridall submitted a videotape that depicts the events immediately following

---

defenses were ever raised. The Court disagrees with Plaintiffs' contention that <u>Heck</u>

the alleged use of force incident on March 5, 2008. Defendant Ridall contends that the videotape contradicts Plaintiff Haskell's version of the events, and therefore Plaintiff Haskell's account of the events must be rejected.

Plaintiff Haskell's version of the events is as follows. After he reported an alleged theft, Defendant Ridall and two other officers came to his dorm. The officers wrestled Plaintiff Haskell to the ground, put handcuffs on him, and escorted him from the dorm. After leaving the dorm, the officers pushed Plaintiff Haskell face down on the sidewalk. The fall caused Plaintiff Haskell's lip to burst open and bleed. He also sustained cuts and bruises on his arms, legs, knees, and face, all of which were bleeding. He had blood on his pants, and the front, sleeves, and shoulders of his shirt. There were holes in his pants and shirt. Defendant Ridall then stomped on the back of Plaintiff Haskell's neck with steel-toed boots for five to ten minutes straight while another officer sat on Plaintiff Haskell's back. Plaintiff Haskell was then picked up off the ground, placed on his feet, and walked toward segregation. His wrists were bleeding. Plaintiff Haskell could hardly walk, but was pushed forward by an officer and told to hurry up. The officer then pushed Plaintiff Haskell's head into a gate at the segregation unit, which caused more bleeding. When the group arrived at the segregation unit, Plaintiff Haskell was placed in the shower. He tapped on the door and asked to see the nurse. Defendant Ridall opened the door, told Plaintiff

---

does not apply.

Haskell to shut up, grabbed Plaintiff Haskell by the throat, pushed him against the back of the shower causing Plaintiff Haskell to hit the showerhead, and choked Plaintiff Haskell until he blacked out. Plaintiff Haskell woke up on the shower floor and another officer escorted him to a cell. Plaintiff Haskell asked the officer to call medical, but the officer said he would not call anyone. Plaintiff Haskell was still in handcuffs. After Plaintiff Haskell was placed in a cell, he banged on the door trying to get someone to come to him. Defendant Ridall came to the cell and shoved Plaintiff Haskell's head against the wall. Defendant Ridall said he would not get a nurse, and left Plaintiff Haskell in the cell, still handcuffed. Plaintiff Haskell was seen in medical the following day, where he received stitches in his lip and knee.

    Defendant Ridall acknowledges that the video camera was not called for until after Plaintiff Haskell was removed from the dorm and was being taken to the segregation unit. Thus it is possible that any use of force as alleged by Plaintiff Haskell occurred before the taping started. The Court has reviewed the videotape submitted by Defendant Ridall and agrees with Judge Langstaff that the videotape does not unequivocally contradict Plaintiff Haskell's version of the facts and require judgment in Defendant Ridall's favor. The Court agrees with Defendant Ridall that there are definite discrepancies between Plaintiff Haskell's prior testimony and what is shown on the videotape, but does not believe judgment in Defendant Ridall's favor is appropriate at this time. Counsel for Defendant Ridall will be allowed to impeach Plaintiff Haskell at trial as allowed by law. Defendant Ridall's objection is overruled.

**IV.    Defendants Maine, Howell, Brown, Yancey, Schnake, and Ridall's Motion to Sever or, in the Alternative, Motion for Separate Trials and Motion to Bifurcate (Doc. 116)/Defendant Ratliff's Motion to Sever or, in the Alternative, Motion for Separate Trials (Doc. 117)/Defendant Smith's Motion to Sever or, in the Alternative, Motion for Separate Trials (Doc. 118)**

Defendants have moved under Federal Rule of Civil Procedure 21 to sever Plaintiffs' claims into separate actions. Defendants have moved in the alternative under Federal Rule of Civil Procedure 42 for separate trials.[3]

Rule 21, which governs severances, provides in part that "[t]he court may also sever any claim against a party." Fed.R.Civ.P. 21. Under Rule 42, a court may order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P. 42(b). Motions for severance and motions for separate trial are distinct and should be treated as such. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir. 1993). "Separate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2387 (3d ed. 2011).

The same factors are considered when ruling on a motion for severance and a motion for separate trials. The factors are: (1) whether the claims arise out of the

---

[3] The Court rejects Plaintiffs' argument that the motions are untimely.

same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. In re High Fructose Corn Syrup Antitrust Litigation, 293 F.Supp.2d 854, 862 (C.D. Ill. 2003); Morris v. Northrop Grumman Corp., 37 F.Supp.2d 556, 580 (E.D.N.Y. 1999).

After consideration of the summary judgment motions, the following claims remain pending:

> Plaintiff Heng's excessive force claim against Defendants Powers, Howell, Brown, Yancey, Smith, and Ratliff
>
> Plaintiff Askew's excessive force claim against Defendants Powers, Howell, Brown, Yancey, and Schnake
>
> Plaintiff Haskell's March 2008 excessive force claim against Defendant Ridall

The Court finds that severance of the remaining claims is appropriate. The only commonality in the claims is that the Plaintiffs were housed at Valdosta State Prison when the alleged excessive uses of force occurred. The alleged beatings involve different time periods, involve different factual circumstances, and involve different evidence. While there are some common questions of law running through the three claims, those questions should be addressed separately based on the unique facts presented in each case. The Court believes there is a real risk of

prejudice to the Defendants if the Plaintiffs' claims are presented in one trial, as the jury may impute liability to a defendant based on events in which he was not involved.

## V.   CONCLUSION

The Court accepts and adopts the Recommendation (Doc. 153) to deny Defendant Rodney Smith's Motion for Summary Judgment (Doc. 127). The Court accepts and adopts the Recommendation (Doc. 154) to grant Defendant Willie Ratliff's Motion for Summary Judgment (Doc. 131) as to Plaintiff Walker's claims only. The Court accepts and adopts the Recommendation (Doc. 155) to grant, in part, and deny, in part, Defendants Maine, Howell, Brown, Ridall, Yancey, and Schnake's Motion for Summary Judgment (Doc. 133). Summary judgment is granted in favor of Defendants Maine, Howell, and Brown on Plaintiff Walker's claims against them. Summary judgment is granted in favor of Defendant Maine on Plaintiff Heng's and Plaintiff Askew's claims against him. Summary judgment in Defendant Ridall's favor as to Plaintiff Haskell's claims is denied. Plaintiff Walker's claims are dismissed in their entirety without prejudice. Defendant Maine is dismissed from the case.

The Motions to Sever filed by Defendants Howell, Brown, Yancey, Schnake, and Ridall (Doc. 116), Defendant Ratliff (Doc. 117), and Defendant Smith (Doc. 118) are granted. The alternative request for separate trials is moot.

The claims asserted by Plaintiff Heng against Defendants Powers, Howell, Brown, Yancey, Smith, and Ratliff are severed from this civil action pursuant to Rule 21. The Clerk of Court is directed to open a new separate civil action file for the case of <u>Pip Heng v. Jamie Powers, Jesse Howell, Terry Brown, Andre Yancey, Rodney Smith, and Willie Ratliff</u>, which should be assigned to the undersigned. Pleadings that were filed prior to this severance need not be re-filed, but all future filings must be made in the new civil action. However, because Defendant Powers is currently in bankruptcy, the new civil action will be stayed until he is discharged from bankruptcy. It would not be in the interest of judicial economy to try the case against Defendants Howell, Brown, Yancey, Smith, and Ratliff now and against Defendant Powers later. Counsel for Defendant Powers is to notify the Court immediately upon the termination of his bankruptcy case.

The claims asserted by Plaintiff Askew against Defendants Powers, Howell, Brown, Yancey, and Schnake are also severed from this civil action pursuant to Rule 21. The Clerk of Court is directed to open a new separate civil action file for the case of <u>Ronny N. Askew v. Jamie Powers, Jesse Howell, Terry Brown, Andre Yancey, and Joseph Schnake</u>, which should be assigned to the undersigned. Pleadings that were filed prior to this severance need not be re-filed, but all future filings must be made in the new civil action. This new civil action must also be stayed because of Defendant Powers' bankruptcy.

The claims asserted by Plaintiff Haskell against Defendant Ridall will remain in Civil Action 7:08-CV-5. That case will go to trial in July of 2012. Additional information about the trial and pretrial conference will be sent out in the near future. In light of his previous filings, the Court believes it necessary to notify Plaintiffs' counsel now that he will not be allowed to "put the system on trial." The trial will be restricted to the specific excessive force claim relating to Plaintiff Haskell and Defendant Ridall. The Court will not allow speeches or argument or testimony about what may have taken place at other prisons.

SO ORDERED, this the 14th day of March, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh